THE STATE *vs.* CUNNINGHAM.

The power of giving greater effect to evidence than it possesses at common law has been frequently exercised by legislatures and such exercise is constitutional.

The provision of the ninth section of the statute, entitled "An Act for the suppression of intemperance," that on the trial of every complaint for keeping spirituous liquors in violation of such act, proof of the finding of such liquor in the possession of the accused, under certain circumstances specified in said act, shall be received and acted upon, by the court, as presumptive evidence that such liquor was kept or held for sale contrary to the provisions of said act, is constitutional and valid.

The object of this provision was not merely to render such evidence admissible, for without the aid of the statute, it might have been received, although other evidence to show such intent would have been necessary. Neither is it made conclusive proof of such intent, but merely presumptive evidence, and as such proper for the consideration of the jury in connection with the other evidence in the case,

The presumption of the innocence of the accused raised by the common law, may be taken into consideration by the jury, but the law does not make it sufficient to rebut the presumption of guilt, authorized by the statute to be drawn from the finding of the liquor in the possession of the owner under the circumstances set forth in the act.

Where on the trial of an information for a violation of said ninth section of said act, the court charged the jury substantially, that the statute as matter of law makes such evidence sufficient proof of guilt, thereby withdrawing from their consideration the question of the intent of the accused as matter of fact; it was held, that such instruction was erroneous and a sufficient ground for granting a new trial.

THIS was an information, charging the defendant with keeping liquors, with intent to sell the same, in violation of the statute of 1854, entitled " An Act for the suppression of intemperance."

The ninth section of that act provides " that proof of the finding of the liquor specified in the complaint, in the possession of the accused, in any place except his private dwelling-house, or dependencies (or in such dwelling-house or dependencies, if the same be a tavern, public eating house, grocery, or other place of public resort) shall be received and acted upon by the court, as presumptive evidence, that such liquor was kept or held for sale, contrary to the provisions of the act."

The cause was tried at Hartford, before the superior court, at the July term, 1855.

Upon the trial the defendant's counsel claimed and requested the court to charge the jury. 1. That they ought not to convict the defendant, upon the presumption raised by the statute alone, without evidence sufficient of itself, to show that the liquor was kept for purposes of sale.

2. That the presumption of innocence raised by the common law, is sufficient to rebut the presumption of guilt raised by the statute.

But the court instructed the jury as follows :

1. If the jury believe upon the evidence, that the prisoner was the keeper of a grocery store, a place of public resort for trade, whether under the same roof with his dwelling-house or not, and that the liquor charged in the information to have

been found therein, was found in the possession of the prisoner in such store, in such place and manner as liquors are usually kept for sale, the law makes such finding sufficient evidence of the intent of the prisoner to sell the same in violation of the ninth section of the statute, unless such evidence is rebutted by evidence going to show a different intent, and in the absence of any explanations of the purpose for which the same was so kept in said store, the jury may lawfully found a conviction thereon.

2. That the presumption of innocence, raised by the common law, is not sufficient to rebut the presumption of guilt authorized by the statute to be drawn from the finding of the liquor in the possession of the owner, under the circumstances set forth in the act.

The jury having returned a verdict against the defendant, he thereupon filed a motion for a new trial, which was reserved for the advice of this court.

*Robinson* and *W. D. Shipman*, in support of the motion.

The court gave the jury to understand that the finding of the liquor in the store of the accused sufficiently proved the criminal intent to sell, by force of law; and thereby imposed on the defendant the burden of proving the contrary. This is claimed to be manifestly exceptionable.

1. The statute in question will not bear the construction given to it by the court. It does not prescribe either the proper amount of evidence or the proper weight to be given to it; but merely makes it admissible for a peculiar and unusual purpose. " Proof of the finding shall be presumptive evidence" of the intent, &c.

(*a.*) Evidence is not necessarily proof. Both in law and logic evidence of a fact is merely that which tends or conduces to enforce conviction: proof is that, which actually produces (or ought to produce) conviction. The two words, proof and evidence, are differently used in the clause of the statute just quoted. See Webster's Dictionary, *ad. verb.*

(*b.*) " Presumptive" evidence is a term used in distinction from " direct" evidence. Each is a word qualifying evi-

dence in kind merely, not in degree. Neither of necessity implies " sufficient," " conclusive," or " decisive," evidence.

(*c.*) *Prima facie* evidence, on the contrary, is a term defining a degree or an amount of testimony: but the word " presumptive" is not co-extensive in meaning with *prima facie*. A presumption merely tends to establish a conclusion of fact; it is to be weighed; it may be " light," " rash," " violent," in different cases. Prima facie evidence establishes a legal conclusion. 2 Phil. on Ev., Cowen & Hill's Notes, 309.

(*d.*) The legislature did not intend to give to the term presumptive evidence, the extended meaning adopted in the charge. In that case they would have used unequivocal language, declaring that the keeping of liquor in certain specified places should be punishable, unless the possessor should show that it was not kept for sale. Such, in effect, was a law of Massachusetts on this subject: and the history of the provision now under review is supposed to be, that it was designed to avoid the constitutional objection which prevailed against that enactment. *Fisher* v. *McGirr*, 1 Gray, 1.

(*e.*) It can not be objected that this construction renders the clause frivolous and superfluous. By common law rules, there would be a difficulty, in the absence of any other proof of the *corpus delicti*, in introducing for such a purpose the mere possession of the liquor by the defendant in his store or in private apartments connected with his store. It is broadly declared to be no evidence for that purpose. *Fisher* v. *McGirr*, 1 Gray, 36.

The liquor might be kept for sale and it might be kept for some other and lawful purpose. Its possession, unlike that of counterfeit money, furnished no affirmative evidence of any crime or criminal intent whatever. On objection, unless it should be made relevant by other testimony indicating the purpose of selling, the proof of a mere finding would be rejected by the court. The design of the legislature therefore, was to render such finding substantive testimony; tending to prove the very substance of the charge; admissible for the purpose of showing an intent to sell.

2. But even if the statute constituted the possession of liquor *prima facie* evidence, it was error for the court to instruct the jury, that thereupon it became necessary for the defendant to rebut or explain away the case of the state. The jury were still at liberty without rebutting testimony, to regard the presumption as insufficient to warrant a conviction. This is settled law. *Commonwealth* v. *Kimball*, 24 Pick., 366.   *Commonwealth* v. *Dana*, 2 Metc., 329.

3. If the charge of the court was a correct interpretation of the statute, the legislature have exceeded their powers and their act is unconstitutional and void.

The constitution, (Art. I. § 21,) provides among other declarations of rights, that " the right of trial by jury shall remain inviolate."

Artificial presumptions have always been ultimately held in criminal trials, to be invasions of the right of a jury to determine all the facts of the case, including the criminal intent of the accused. In civil causes, arbitrary presumptions are sometimes required by public policy. In criminal cases natural presumptions, not violating the instincts of justice have been permitted: but all endeavors to set up purely artificial standards of evidence to prove crime, have been reprobated as violations of the right of the accused to require of a jury, the determination of all the facts of his case, according to their private judgments.

Nor does it make any difference, whether an arbitrary interpretation of facts is declared to be law by a judge, or made to be law by a legislature: whenever jurors become bound by their oaths to accept such an interpretation against their convictions, or without conviction, as conclusive proof of a criminal charge, the legal procedure ceases to be a trial.   3 Starkie Ev., 929, 930, note.

*Hungerford* and *Hubbard*, (State Attorney) against the motion.

1. The construction which the common mind would naturally place upon the language of the statute in question is, that the possession of spirituous liquors under the circum-

stances mentioned, is to be considered *prima facie* evidence of the intent to sell.

2. The terms employed imply this construction. "Proof" is conclusive evidence. "Presumptive evidence" is *prima facie* evidence.

3. The legislature must have intended this construction. The law is in part preventive, its object was to facilitate the proof of a matter difficult of proof, by casting the burden on the party who could most easily meet it.

4. A different construction renders the statute insensible and absurd. To give less efficacy than this to the evidence would be practically to declare that it should pass for what it is worth. Such a law would be superfluous.

5. The term "presumptive evidence" was not used as a synonym for indirect or circumstantial evidence. The legislature did not intend to inform the court that indirect evidence was not direct.

6. The statute intends that proof of possession shall raise a legal presumption of the intent. A presumption of fact is a conclusion of fact. Wills on Cir. Ev., 16, 17. Best on Presumptive Ev., 12. 3 Starkie Ev., 927.

This presumption may be conclusive or disputable. 1 Greenl. Ev., § 33. Here it is a disputable presumption.

7. The direction that this evidence "shall be acted upon by the court," implies that something more was meant than circumstantial evidence.

8. This presumption is not neutralized by the common low presumption of innocence. The statute overrides the common law. To suppose this, is to neutralize the act of the legislature and stultify its makers.

9. The legislature have power to declare what shall be *prima facie* evidence of crime, and so shift the burden of proof. 1. The courts have done this from time to time without the sanction of the law-making power. 2. *A fortiori* the law-making power may do it, and we find they have done it repeatedly, both in England and in this country.

10. The construction contended for does not impair the right of jury trial. If it did, legal presumption could not be

The State *v*. Cunningham

allowed in civil cases; a contrary doctrine would authorize a jury to convict of perjury on the testimony of one witness; to convict a child under the age of seven; to acquit of adultery on record proof of the first marriage.

It may not be expedient or proper to raise legal presumptions in criminal cases. The legislature are the judges of the question. The office of the court is simply to declare what the law is, not what it should be.

WAITE, CH. J. The legislature, in making the finding of spirituous liquors, under certain circumstances, in the possession of a person, presumptive evidence of a keeping of them with intent to sell, undoubtedly intended to give greater effect to such evidence, than it had at common law. It is not to be presumed that the legislature intended to pass an unnecessary statute.

The object could not have been merely to render it admissible, for without the aid of the statute it might have been received, although other evidence to show the intent would have been necessary. Nor is it made conclusive proof of such intent, but merely presumptive evidence, and as such, proper for the consideration of the jury in connection with the other evidence in the case.

Hence it has been asked, can a sexton of a church, having in his possession wine to be used at the communion table, be convicted of an unlawful intent? Clearly not, the character of the possessor, the ownership of the wine, and other circumstances may completely rebut the presumption of guilt. But although he may hold that office in the church, yet, like any other person, he may be convicted of the charge of keeping wine for sale, if the jury should be satisfied, that the evidence proved the charge.

So a carman, who is found carrying along the streets a cask of liquor, may rightfully be acquitted of an intent to violate the statute, if the jury should be satisfied from the evidence, that he was merely exercising the business of a common carrier. Or he might be convicted of an offence

against the statute, if the jury believed he was transporting it for the purpose of perfecting a sale.

With what intent a person keeps intoxicating liquors, is always a question of fact for the jury, to be determined upon a view of all the evidence. And in disposing of that question, they are required by the statute to consider the keeping of the articles in the manner specified in the statute, as presumptive evidence of an unlawful intent. But that evidence may be rebutted and controlled by the circumstances, as would be the case in the instances of the sexton and carman alluded to, as well as by other evidence in the case, whether shown by the accused in his defence, or by the state in connexion with the evidence proving the possession.

With such evidence, the jury may also take into consideration the presumption of the innocence of the accused.

It has been said that the keeping of spirituous liquors is a lawful act, and being such, the legislature has no constitutional power to make it evidence of an unlawful act. Many acts at common law are lawful, and yet the performance of them is prohibited by the legislature, in the legitimate exercise of their sovereign power. Even the sale of such liquors is not by the common law unlawful. It is only made so by statute. And if the legislature can constitutionally prohibit such sale, we see not why they may not properly prescribe what acts shall be considered as evidence of an intent to make the sale.

The legislature may say that the possession of stolen goods in a place of concealment, or the possession of counterfeit coins, under certain circumstances, shall be *prima facie* evidence of a criminal intent, and throw the burden of proof upon the accused, although other evidence may show that such possession was perfectly lawful.

As is well said by Bennett, J. " It is only founding a presumption upon our own experience of human conduct, and rests upon the same basis as that which makes a receipt for the last quarter's rent, *prima facie* evidence of the payment of the rent which had previously accrued." 27 Verm. R.. 357.

The power of giving greater effect to evidence, than it possessed at common law, has been frequently exercised by legislatures. Thus in a case of a seizure under the law of Congress of 1792, in which it was provided, that if property be claimed by any person in any such case, the *onus probandi* should be upon the claimant where probable cause was shown on the part of the prosecution ; it was holden that the statute meant less evidence than would otherwise justify a condemnation, and that probable cause shown for the prosecution, was sufficient to rebut the presumption of innocence, and throw the burden of proof upon the claimant. The Luminary, 8 Wheat., 407.

In another case before the supreme court of the United States, it appeared that the district judge had instructed the jury that proof that an Indian trader had carried ardent spirits into an Indian country, and had them with his other goods, was *prima facie* evidence of their having been carried there in violation of a law of Congress, and threw upon the trader the burden of proof, although the judge, at the same time told the jury that he might lawfully carry them there for some purposes, as for medicinal use. And this ruling was said by judge Washington, who delivered the opinion of the supreme court, to have met their entire approbation. *American Fur Company* v. *United States,* 2 Peters, 358.

If such evidence at the common law, is *prima facie* evidence of an unlawful extent, so as to throw the burden of proof upon the accused, we see not why the legislature may not well say, that proof of those facts mentioned in the statute shall be deemed presumptive evidence of a like intent, nor why the circumstances detailed by the judge in his charge to the jury in the present case, may not be considered *prima facie* evidence in support of the complaint against the defendant.

With respect to the constitutionality of the statute generally, we refer to the opinions given in the two cases in New Haven county, which were heard shortly after the arguments in the present case. *State* v. *Brennan's Liquors. State* v. *Wheeler,* post.

Such in our opinion being the law upon the subject, the

next enquiry is, whether the case in the court below, was properly submitted to the jury.

They were told that if upon the evidence, they believed that the prisoner was the keeper of a grocery store, a place of public resort for trade, that the liquor charged in the information to have been found therein, was found in the possession of the prisoner in such store in such place and manner as liquors are usually kept for sale, the law makes such finding sufficient evidence of the intent of the prisoner to sell the same in violation of the ninth section of the statute, unless that evidence is rebutted by evidence going to show a different intent, and, in the absence of any explanations of the purpose for which the same was so kept, the jury might lawfully found a conviction thereon.

Now, if we are to consider the charge of the judge as a mere commentary upon the evidence, accompanied with an expression of his opinion, that if the jury found the facts to be as detailed by him without any rebutting or explanatory evidence, they might lawfully found a conviction thereon, we see nothing objectionable in the charge. The facts thus detailed were undoubtedly very strong evidence of the guilt of the accused, and in the absence of any rebutting testimony, in our opinion, were abundantly sufficient to justify the jury in rendering their verdict.

But if the judge is to be understood as saying, that the statute, as matter of law, makes such evidence sufficient proof of guilt, thereby withdrawing from the jury the consideration of the question of the intent of the accused as matter of fact, which is the construction which both parties give to the charge, then my brethren are of opinion that the instruction was erroneous. And they are the more inclined to think that the jury did so understand the charge, from the expression that the law makes such finding sufficient evidence of the intent to sell, whereas the statute merely makes it presumptive evidence.

I should not have given this construction to the charge, but for the reason stated, my brethren are of opinion that a new trial ought to be granted.

In this opinion, the other judges, STORRS and HINMAN, concurred, except as to the construction given by the Chief Justice to the charge of the court below.

New trial to be granted.