JUDGE COFER
delivered the opinion of the court.
The appellee was indicted for the offense of giving spirituous liquor to a person under twenty-one years of age, in violation of section 9 of article 35 of chapter 29 of the General Statutes. The evidence showed that Davis, the appellee, and Rison, the person to whom it was charged that he gave the liquor, were aged respectively sixteen and seventeen years; that, desiring to purchase some whisky, each furnished a part of the money; and the appellee, in the absence of Rison, pro *241 cured whisky, and when they met on the next day. gave some of it to Bison, who drank it.
This was all the evidence, and on motion of the appellee the court discharged the jury and dismissed the indictment. It does not appear upon what ground the court proceeded, but we suppose it was upon the ground that the evidence showed that the whisky was the joint property of the appellee and Bison, and that there was therefore no gift.
In its strict and primary sense the word “give” signifies “to confer or transfer without any price or reward; to bestow.” In its more enlarged sense it signifies “to furnish, to supply;” and it was in this latter sense that the word was used in the statute.
The statute was not enacted because the mere act of selling, loaning, or giving spirituous, vinous, or malt liquors to minors was in and of itself mischievous, but because such acts place the liquor in their hands and enable them to drink it, whereby they may be debauched and ruined. The object was to make it unlawful for any person other than the father or guardian of a minor to place such liquors in his hands, and thereby to protect him against the formation of habits of intemperance until his character could be so far formed as to enable him to withstand the allurements of strong drink.
To give to the words “sell, loan, or give” their strict primary signification would be to render inefficient and almost worthless a wise and beneficent statute enacted in the best interest of society to protect it against an evil whose ravages are outstripping our growth in civilization, population, or wealth.
To sell property is, in the strict signification of the word “ sell,” to transfer it from one to another, in consideration of a price paid or agreed to be paid in current money. A sale differs from a barter in this, that in the latter the consideration instead of being paid in money is paid in goods or merchandise susceptible of a valuation.
*242 If therefore we are to construe the word “give” in its strict primary meaning, and hold that an indictment for giving intoxicating liquor can not be sustained unless a technical gift is proved, we must also hold that to barter-such liquors to a minor is not a sale; yet we presume no one would contend that a barter would not be held to be a sale within the meaning of the act.
We think therefore that the rational construction of the act is, that to furnish or supply spirituous, vinous, or malt liquor to a minor is to give it, within the meaning of the statute, and the fact that it may have been purchased by the defendant, with money furnished in whole or in part by the minor, whereby the liquor became the property of the minor, will not relieve the defendant of guilt. Such a construction would enable minors to procure liquors ivhenever they can find a third person willing to take their money and make the purchase for them, without any one being guilty of a violation of law. We can not suppose the legislature intended the statute should receive any such construction, and must decline to adopt it.
Whenever a minor is furnished with spirituous, vinous, or malt liquor by any one other than his parent, without the special written direction of the father or guardian of such minor, there is a violation of law. If a third person buys such liquor for a minor, the vendor does not violate the law, unless he knows the purpose for which it is being purchased, ’ and the person making the purchase must be held to be an offender, or the law had better be blotted from the statute-book. The law was not intended to be applied alone to those engaged in trafficking in liquors, but applies to every person in the commonwealth who is legally responsible for crime.
We .are aware that by a rule of the common law, penal statutes were required to be strictly construed, but that rule has been long since abrogated in this state, and now there is no *243 distinction, in construing statutes, between those that are criminal or penal and those that are civil; but all are required to be construed alike, liberally, with a view to carry out the intention of the legislature. (Secs. 15 and 16, chap. 21, General Statutes.)
We are therefore of the opinion that the court erred in dismissing the indictment, and the judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.