Filed January 31. 1893.

No. 16,099.

## BRIDGES *v.* BRANAM.

POSSESSION.—*Possessory Action.*—*Title to land not Germane to Issue.*—*Jurisdiction.*—*Ouster of.*—In an action for restitution of possession from a forcible entry and detainer, the title to land can not properly be put in issue, and a plea bringing the title in question does not, when the case is before a. justice of the peace, deprive him of jurisdiction, under section 1434, R. S. 1881.

EVIDENCE.—*Judgment.*—*When Admissible.*—*Identity Established by Extrinsic: Evidence.*—*Preliminary Steps.*—A judgment relevant to the issues is not of itself admissible in evidence, until it is shown by extrinsic evidence to be what it purports to be, which is effected either by a certified copy by the proper officer, or by producing in court the keeper of the records, and as-certaining from him, on oath, that it is what it purports to be.

From the Monroe Circuit Court.

*R. A. Fulk* and *E. Corr*, for appellant.

*E. K. Millen, H. C. Duncan* and *I. C. Batman*, for appellee.

HACKNEY, J.—This was a suit by the appellant to enjoin the appellee from taking forcibly the possession of certain lands in Monroe county, then alleged to be in appellant's. possession by virtue of a restitution to her under proceedings before a justice of the peace of said county, some. twelve days before the complaint in this cause was filed. There was a trial before a special judge, and a judgment. rendered for the appellee.

The question for review is the alleged error of the court. in excluding, as evidence, the record and proceedings of

the justice of the peace. The offered record shows that the action before the justice was the statutory proceeding to be restored to possession against the alleged forcible entry and detainer of the defendant, this appellee.

In the cause the defendant filed an affidavit and motion to oust the jurisdiction of the justice, and alleged therein facts disputing plaintiff's title, and supporting his own claim of title to the real estate. The motion was overruled, and upon the trial the justice gave judgment for the plaintiff. Upon this judgment a writ of restitution issued and the appellant was returned to possession. It is now claimed that the record and proceedings were properly excluded because of the loss of jurisdiction by the justice of the peace in the filing of the affidavit alleging that the title to said lands would become an issue in the cause. By section 1434, R. S. 1881, "if the title to land shall be put in issue by plea supported by affidavit," the cause shall be certified to the Circuit Court. It must be presumed that such plea shall be one pertinent to the action. If the action is one in which the title to land can not be pleaded properly, this statute will not apply. In an action for the possession of personal property this provision of the statute could not be held to apply, and we think it equally true that, if, from the nature of the action, a plea of title is not germane, it will not prevail. The right of action is given by section 5237, R. S. 1881, and is a substitute for the ancient custom under the common law, which permitted one to right himself by forcible entry, and subject only to indictment for a breach of the peace. The abuse of this summary power, and its tendency to public disturbances, gave rise to statutes like ours. If one is in possession, though of the land of another, his possession must be maintained against force and violence, in the interest of public peace. The owner may not take the law into his own hands and subordinate it to the rule of violence, but he must resort to the action of ejectment, as given by statute, or to some

other lawful process. If possession be held against him by violence, he will not be justified in the use of superior violence. It is, therefore, not a question of title, but. is a remedy against possession by violence.

Says Newell, in his work on Ejectment: "The only questions involved in these proceedings are (1) whether the plaintiff was in possession of the premises, and (2) whether that possession has been forcibly and illegally invaded by the defendant, and detained after the entry. The remedy deals only with the question of possession, leaving the question of title to be settled in the action of ejectment." Citing *Jamison* v. *Graham,* 57 Ill. 94; *McCartney* v. *McMullen,* 38 Ill. 238; *Cox* v. *Groshong,* 1 Pinney (Wis.), 307, and *Shoundy* v. *School Directors,* 32 Ill. 290. To the same effect are *Archey* v. *Knight,* 61 Ind. 311; *Vess* v. *State,* 93 Ind. 211; *Judy* v. *Citizen,* 101 Ind. 18.

The judgment of the justice of the peace was not void, and it became a proper link in the plaintiff's chain of evidence to establish her possession, under color of right, at the time of the alleged threats of the defendant to again take possession by force, in disregard of such colorable right.

Objection is made here to the admissibility of the record and files of the justice, because they were not identified as the proper and original record and files. The transcript discloses no testimony upon the identity of the docket or papers in the cause.

In *Phelps* v. *Hunt,* 43 Conn. 194, it was held that if the files of a justice of the peace are offered as a judicial record, for the purpose of proving by them the facts which they purport to state, it is clear that the original files should be proven to be such "by the testimony of the legal custodian of them, summoned to attend and bring them, or by a copy certified by such custodian as a true copy."

In the case of *Perry* v. *Admr. of Mays,* 1 S. C. Law (1

Hill), 76, the court held that the files of another court, over the file mark of the clerk, whose handwriting was admitted as genuine, and upon evidence that they were received from the proper custodian, were not admissible. The court said: " In any point of view, however, it was necessary, before it could be received in evidence, that the court should be satisfied by legal and competent evidence that it was the original. This could alone be done, either by producing in court the keeper of the records, and ascertaining from him, on oath, that it was a paper of record in his office, or by a certificate to the same effect, under the seal of the court. For independent of this there is nothing which could enable the court to say that it was a genuine paper."

The court in that case quotes as follows from 1 Stark. on Ev.; 182: " The document must always be proved to be that which it purports to be, and for which it is offered, by some extrinsic proof, as in the case of records, terriens, etc., by showing that it came from the legal custody or repository."

In *State* v. *Voight*, 90 N. C. 741, it was held that original orders are competent evidence when the authenticity of the book in which they are entered has been adjudged by the court.

Section 459, R. S. 1881, provides that authenticated copies of the justices' dockets are admissible, and under this statute it was decided in *Britton* v. *State, ex rel.*, 54 Ind. 535, and *Miller* v. *State, ex rel.*, 61 Ind. 503, that this mode of proof did not exclude from evidence the original dockets. In the last cited case the court said (p. 510): " In our opinion, the original record of the proceedings and judgment of the justice of the peace of this State, when produced and identified by the oral evidence of the proper justice, is, and ought to be, competent evidence in the courts of this State." See, also, *Redelsheimer* v. *Miller*, 107 Ind. 485.

Bridges *v.* Branam.

It is true, as insisted by the appellant, that the bill of exceptions states that the "plaintiff offered to read in evidence the files and papers in a cause tried before Theodore J. Louden, a justice of the peace," but we do not agree with appellant's contention that this is an identification of the files and papers. The statement is made by way of designation for the purposes of the record in this cause, and not a finding that such files and papers were genuine. We are dealing now with a question of evidence, and finding the record entirely silent as to the identity of the offered files and docket entry, we must conclude that no proof was made of such identity. The rule in this court is that all reasonable presumptions will be indulged in favor of the action of the lower court. Elliott's App. Procedure, section 710. Having decided that proof of identity was necessary, and the evidence being silent upon the question, this court will not accept as proof the statement of the bill of exceptions, which, at most, is a mere recital, and not an adjudication or the finding of a fact.

It is suggested by counsel for appellant that the rejected evidence was in fact admitted, but was stricken out when the judgment was entered. Of course we can not take knowledge of this fact, if it is a fact. Our guide must be the record.

The judgment of the lower court is affirmed.

Filed January 31, 1893.