[No. 10207.  Department One.  August 5, 1912.]

THE STATE OF WASHINGTON, *Appellant*, v. JOHN R. REESE, *Respondent*.[1]

INTOXICATING LIQUORS—OFFENSES—SALE TO INDIAN—"DISPOSING OF." One who, with money furnished by an Indian, procures intoxicating liquor and delivers the same to him, is guilty of a felony within Rem. & Bal. Code, § 6288, making it a felony to sell, give away, dispose of, exchange, or barter spirituous liquors of any kind to an Indian.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered February 7, 1912, upon sustaining a demurrer to the information, dismissing a prosecution for disposing of liquor to an Indian. Reversed.

*Ralph C. Bell*, for appellant.

PARKER, J.—The defendant was charged by information filed in the superior court, with the crime of disposing of spirituous liquor to an Indian. The only language of the information requiring our attention is the following:

"On or about the 11th day of January, 1912, in the county of Snohomish, state of Washington, then and there being, the said defendant John R. Reese, did unlawfully, and with money delivered to him and furnished him for such purpose by one Joseph Shelton, an Indian, . . . purchase of and procure from and of some person or persons unknown to your informant spirituous liquor, to wit, whiskey, for said Joseph Shelton aforesaid, and did then and there deliver to and surrender into the custody and possession of said Joseph Shelton aforesaid such spirituous liquor."

[1]Reported in 125 Pac. 363.

The defendant demurred to the information on the ground that it does not state facts constituting a crime. The trial court sustained the demurrer and discharged the defendant, and thereupon the state appealed to this court.

The law claimed by the prosecuting attorney to have been violated by the acts of the defendant as alleged in the information is found in Rem. & Bal. Code, § 6288, the provisions of which, so far as necessary for us to notice them, are as follows:

"Any person who shall sell, give away, dispose of, exchange or barter any malt, spirituous or vinous liquor of any kind . . . to an Indian, shall be guilty of a felony and punished therefor," etc.

Recitals in the order of the trial court sustaining the demurrer and discharging the defendant indicate that the only question there raised was as to the meaning of the words "dispose of" as used in the law. That is, whether or not the acts charged by the information as being committed by the defendant are within the meaning of those words as used in the law. This is also the only question presented here.

It is manifest that the purpose of this law is to prevent Indians from acquiring intoxicating liquor. If it may be avoided in the manner the defendant is here charged with aiding the Indian in acquiring intoxicating liquor, then the enactment of the law was a mere waste of words. It would seem that when the legislature used the words "sell," "give away," "dispose of," "exchange," and "barter," practically every imaginable method of an Indian acquiring intoxicating liquor was described. If the allegations of this information are true, then the defendant was the direct voluntary instrument of the disposition of the liquor to the Indian. Even assuming that the defendant was the mere agent of the Indian, and that the person from whom he purchased the liquor with the Indian's money had knowledge of the purpose of the purchase, yet the defendant acquired possession and control over the liquor, and this possession and control he transferred

to the Indian. Surely by that act he *disposed of* the liquor. True, he did not "sell" or "give away" the liquor; but the very fact that the legislature used the words "dispose of" in addition to "sell" and "give away" shows the intent of the legislature to include every possible subterfuge by which an Indian might acquire liquor through the voluntary act of another. This view finds support in 14 Cyc. 516, and cases there cited.

The judgment of the superior court is reversed.

Gose, Chadwick, and Crow, JJ., concur.