## Boggs v. Commonwealth.

(Decided November 16, 1916.)

### Appeal from Johnson Circuit Court.

1. Intoxicating Liquors—Barter—Exchange—Sale.—The exchange by a distiller of his own brandy for apples belonging to another is a sale within the meaning of the local option law.

2. Intoxicating Liquors—Prohibition—Distillation.—One who receives apples to be distilled into brandy on shares does not, by delivering to the original owner his portion of the product, violate a law prohibiting the sale of intoxicating liquors.

JOHN W. WHEELER for appellant.

M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing

High L. Boggs was convicted of the offense of selling intoxicating liquor in violation of the local option law and his punishment fixed at a fine of $60.00. He appeals.

The only question presented is whether or not the facts show a sale within the meaning of the statute.

It appears from the evidence that the prosecuting witness, Ernest Jayne, entered into an arrangement with the appellant, Boggs, who is a licensed distiller, by which Jayne was to deliver to Boggs a quantity of apples out of which Boggs was to make brandy. Boggs was to keep one-half of the brandy for his services in distilling the apples and deliver to Jayne the other half of the brandy. Each party was to pay the internal revenue license on his half of the brandy. It further appears that in carrying out this arrangement the apples which Jayne delivered to Boggs were put in sep-

arate tubs and were separately distilled, and at no time were they mixed with apples belonging to Boggs or to other persons. On the contrary, the brandy that was actually divided between the parties was the product of the apples furnished by Jayne. In carrying out this agreement Jayne received between nineteen and twenty gallons of brandy and paid to Boggs, who was responsible therefor, his part of the internal revenue license. Jayne was neither a wholesale dealer nor a licensed retail dealer.

In addition to other instructions, the court instructed the jury as follows:

"An arrangement or agreement between the prosecuting witness, Jayne, and the defendant, Boggs, by which Jayne delivered to defendant an amount or quantity of apples which were distilled into brandy, and one-half of said brandy being delivered to Jayne by the defendant in consideration of said apples, constitutes a sale of liquor."

It is well settled that the transfer of liquor to another, in consideration of any article of value or of services to be performed by the transferee, constitutes a sale within the meaning of the statute. Therefore, if this were a case where Jayne merely exchanged his apples for brandy belonging to Boggs, there can be no doubt that the transaction would have been a sale and that Boggs would have violated the local option law. Commonwealth v. Davis, 12 Bush 240; Friedman v. Commonwealth, 26 R. 1276; Commonwealth v. Clark, 14 Gray (Mass.) 367; Barnes v. State, 88 S. W. (Texas), 805; L. L. Stanley v. State, 43 Texas Criminal Reports 270. Such a case, however, is not presented by the record. Here the prosecuting witness furnished a quantity of apples to be manufactured into brandy. Boggs was to have half of the brandy for his services. The brandy which the prosecuting witness received was the product of his own apples. The case is not unlike that of a farmer furnishing a particular quantity of wheat to a miller to be manufactured into flour, the miller to retain a certain portion of the flour for his services. Clearly the miller, in returning to the farmer his portion of the flour manufactured from the particular wheat furnished by the farmer, cannot be said to have sold the flour to the farmer. In the case under consideration the apples belonged to Jayne. His half of the brandy also belonged

to him.   In this portion of the brandy Boggs had no interest whatever.   In delivering to Jayne his half of the brandy Boggs merely returned to Jayne the latter's property.   In a case involving facts identical with those above set out, the Supreme Court of Alabama held that the distiller was not guilty of selling, giving, or otherwise disposing of the brandy to the party who furnished the apples.   Maxwell v. State, 25 So. 235.   With this conclusion we agree.   It follows that the trial court not only erred in giving the instruction above referred to, but in refusing the peremptory asked for by the defendant.   This conclusion is based on the facts before us. If, upon another trial, however, there be evidence tending to show that Boggs merely exchanged his own brandy for Jayne's apples, the case should go to the jury.

Judgment reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.