## FORD v. STATE OF INDIANA.

[No. 23,830. Filed February 14, 1921. Rehearing denied April 8, 1921.]

INTOXICATING LIQUORS.—*Unlawful Keeping.*—*Statutes.*—Under §4, Acts 1917 p. 15 (§8356a *et seq.* Burns' Supp. 1918), making it unlawful to keep intoxicating liquor with intent to furnish or otherwise dispose of it, or to keep it with intent to sell it, it was a violation of that section for defendant to keep in his possession a jug of whisky purchased by him and another jointly, with intent to furnish whisky therefrom to the other owner as he called for it.

From Marion Criminal Court (50,791); *James A. Collins,* Judge.

Prosecution by the State of Indiana against Thomas Ford. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Felt & Forney,* for appellant.

*Ele Stansbury,* Attorney-General, and *Edward M. White,* for the state.

EWBANK, J.—Appellant was convicted on the charge that at Marion county, Indiana, he unlawfully kept and manufactured liquor, to wit, whisky, etc., with intent to sell, barter, exchange, give away, *furnish and otherwise dispose* of the same to persons within this state. The only error assigned is the overruling of the motion for a new trial, which motion contained only the specifications that the finding and decision was not sustained by sufficient evidence and was contrary to law.

The state introduced evidence that on Sunday, March 28, 1920, Albert Paris entered defendant's dwelling in the city of Indianapolis, in said county, and came out five minutes later with a half-pint bottle of "white mule" whisky in his pocket; that the police officers then entered defendant's house and found a quart bottle, which contained a half-pint of whisky, in a kitchen

cabinet; that defendant, when questioned, said that was all the whisky he had around there, but that the officers searched the house and found a gallon jug, four-fifths full of "white mule" whisky, behind a door of the kitchen cabinet; and that Paris got his half-pint out of this jug at appellant's home. By way of defense appellant introduced evidence that he gave this half-pint to Paris, who paid him nothing for it; that on Saturday, being the day before, he was accosted by a man on the street, who wanted to sell him the jug with a gallon of "white mule" whisky in it for $30, and he called to Paris and told him, and Paris gave appellant $15 with which he put $15 of his own and bought the gallon of whisky and took it to appellant's home; that he "hooked up" with Paris, and each put in $15 and that Paris had an interest in it; that Paris came to appellant's house and took two drinks of the whisky on the evening of that day (Saturday), and came the next morning to get another half-pint of his share, saying that he did not like to go down the street with a quart of whisky on Sunday, and that appellant poured out the half-pint for him; that appellant and Paris had each put in $15 and appellant bought the whisky, and paid $30 for it, and was keeping it in the jug, half for himself and half for Paris, when he should come to get it.

The statute makes it unlawful to keep any intoxicating liquor with intent to "furnish or otherwise dispose of the same," except as by law provided, as well as making it unlawful to keep it with intent to sell it. §4, Acts 1917 p. 15, §8356a et seq. Burns' Supp. 1918.

Keeping the jug of whisky for which appellant and Paris had each paid half of the purchase price, with intent to "furnish" whisky therefrom to Paris as he called for it, as shown by giving Paris two drinks the first time he called, and a half-pint the second time, and

by the explanation of the transaction offered by appellant, constituted a violation of the statute forbidding "any person  *  *  *  to keep any intoxicating liquor, with intent  *  *  *  to furnish or otherwise dispose of the same, except as in this act otherwise provided." Acts 1917 p. 15, §4, *supra; Banks* v. *State* (1919), 188 Ind. 353, 123 N. E. 691.

Therefore it is not necessary to decide whether the evidence was sufficient to prove appellant guilty of violation of the other provisions of the statute.

Judgment affirmed.