Roberts v. State—190 Ind. 232.

ROBERTS v. STATE OF INDIANA.

[No. 23,817.    Filed March 10, 1921.]

1. CRIMINAL LAW.—*Erroneous Judgment.—Initial Attack on Appeal.*—Defendant's objection that the judgment rendered, on conviction of keeping a house of ill fame, imposed a greater penalty than warranted by the verdict, cannot be presented for the first time by an assignment of error on appeal.   p. 233.

2. INDICTMENT AND INFORMATION.—*Affidavit.—Validity.—Seal of Prosecuting Attorney.—Statutes.*—An affidavit charging a violation of a penal statute need not bear the seal of the prosecuting attorney under Acts 1919 p. 68, enabling prosecuting attorneys to perform the duties of a notary public, as it was not intended by that act that the seal therein provided for should be used by prosecuting attorneys in the performance of their official duties in administering oaths under §9408 Burns 1914, Acts 1901 p: 38, which section was not repealed by such later act.   p. 233.

3. CRIMINAL LAW.—*Evidence.—Admissibility.—Records of City Court.—Identification.—Statutes.*—The city court of a city of the third class is both court and clerk, and its records are proved the same as the records of justices of the peace by copies certified under the hand and seal of the court, as provided by §475 Burns 1914, §459 R. S. 1881, or by the judge appearing in person and identifying the records, so that it was not error for the trial court to exclude a record or transcript of the city court of such a city which it was sought to identify only by the court's bailiff.   p. 234.

From Delaware Circuit Court; *W. A. Thompson,* Judge.

Prosecution by the State of Indiana against Fannie Roberts.   From a judgment of conviction, the defendant appeals.   *Affirmed.*

*John T. Walterhouse, Gene Williams* and *Thomas V. Miller,* for appellant.

*Ele Stansbury,* Attorney-General, and *Remster A. Bingham,* for the state.

TOWNSEND, J.—Appellant was charged by affidavit with keeping a house of ill fame. §2357 Burns 1914, Acts 1905 p. 584, §460. She was tried by jury and convicted.

Errors relied on for reversal: (1) Judgment does not conform to verdict but imposes a greater penalty. (2) Error in overruling appellant's motion to quash. (3) Error in overruling appellant's motion for a new trial.

In addition to the judgment on the verdict, the trial court entered a judgment closing for one year the house occupied by appellant. Appellant claims that the

1. latter part of this judgment imposes a greater penalty than is warranted by the verdict; but appellant does not point to any record where a motion was made to modify or change the judgment, or to strike out what she claims to be an erroneous part of the judgment. Such a question cannot be raised for the first time by assignment of error in this court. *Evans* v. *State* (1898), 150 Ind. 651, 655, 50 N. E. 820, and authorities there cited.

Appellant claims that her motion to quash should have been sustained, because the affidavit does not bear the seal of the prosecuting attorney. She claims

2. that Acts 1919 p. 68, applies. This act has no application to prosecuting attorneys while acting in their official capacity as prosecutors. This act did not repeal §9408 Burns 1914, Acts 1901 p. 38, which empowers prosecuting attorneys to administer such oaths as may be necessary in the discharge of their duties. The purpose of the act of 1919, relied upon by appellant, is to enable prosecuting attorneys to perform the duties of a notary public, and it was not intended by this act that the seal there provided for should be used by them in the performance of their official duties as prosecuting attorneys.

Appellant offered in evidence what purported to be

a transcript of the record of the city court of Muncie, showing the prosecution and conviction of appel-

3. lant for running a house of ill fame. She also offered in evidence the records of the city court of the city of Muncie, in the same case. The court sustained objection and overruled the offer, and appellant claims error in this. Appellant did not identify these records, or this transcript; did not produce anyone who is recognized by law as being the custodian of such records, or of the transcript. The trial court was right in excluding this evidence, upon the ground that it was not properly identified, if for no other reason. Appellant attempted to identify the records of the city court by the bailiff of that court. Muncie is a city of the third class. The city court is both court and clerk. The records of that court are proved the same as the records of justices of the peace; by copies certified under the hand and seal of the court (§475 Burns 1914, §459 R. S. 1881), or by the judge appearing in person and identifying the records of the court. *Bridges* v. *Branam* (1893), 133 Ind. 488, 33 N. E. 271.

We understand very well what it is that appellant is trying to present, namely, that she was prosecuted and convicted in the city court for the same offense; that she appealed from that conviction to the circuit court; and that in the circuit court the prosecutor dismissed that affidavit and filed another affidavit; but what we are deciding is that appellant does not here present a record showing those facts; nor does she present a record which shows that competent evidence of those facts, properly identified, was offered. That is to say, this transcript starts with the original affidavit filed in the circuit court, and for aught that is made to appear, either by record or any competent evidence, this case never was tried in the city court.

The judgment of the trial court is affirmed.