## PATTON v. STATE OF INDIANA.

[No. 23,930. Filed June 21, 1922. Rehearing denied January 10, 1923.]

1. CRIMINAL LAW.— Motion in Arrest of Judgment.— Filing after Final Judgment.—A motion in arrest of judgment, filed after final judgment has been rendered, is too late. p. 636.

2. CRIMINAL LAW.—Motion in Arrest of Judgment.—Grounds.— A motion in arrest of judgment in a criminal case must be

based on the insufficiency of the facts stated in the indictment or affidavit to constitute a public offense, or on the claim that the offense charged was not within the jurisdiction of the court. p. 636.

3. INDICTMENT AND INFORMATION. — *Affidavit.* — *Sufficiency.*— *Failure of Prosecuting Attorney to Date Jurat.*—The failure of the prosecuting attorney, before whom an affidavit charging the commission of an offense was sworn to, to date his jurat or affix his seal, is not a fatal defect. p. 636.

4. CRIMINAL LAW.—*Verdict.*—*Certainty.*—*Statutes.*—In view of §8356d Burns' Supp. 1921, Acts 1917 p. 15, §4, forbidding any person to manufacture, sell, etc., or to keep with intent to sell or dispose of, any intoxicating liquor, under a penalty of a fine of not less than $100 nor more than $500, and imprisonment for not less than thirty days nor more than six months for a first offense, or a fine of not less than $200 nor more than $500, and imprisonment for not less than sixty days nor more than six months for each subsequent offense, and §8356t Burns' Supp. 1921, Acts 1917 p. 15, §20, forbidding the keeping of a room in which intoxicating liquor is kept for sale, etc., under a penalty of a fine of not less than $100 nor more than $500, and imprisonment for not less than thirty days nor more than six months, and §9926h Burns' Supp. 1921, Acts 1919 p. 81, requiring that persons sentenced to a term of imprisonment of more than thirty days for a misdemeanor shall be imprisoned at the Indiana State Farm, so much of a verdict as found defendant guilty of violation of such statutes under different counts, and imposed a fine of $100 and imprisonment at the state farm for sixty days was not so uncertain or defective that a judgment could not be rendered thereon, although the jury also found defendant "guilty of the third conviction" of violating the law, and that he be fined $250 and imprisoned for three months in the county jail or state farm for three months. p. 636.

5. CRIMINAL LAW.— *Conviction.*—*Judgment.*—*Validity.*—*Imposing Additional Penalty without Jurisdiction.* — *Statutes.*— Where the jury found defendant guilty and fixed his punishment on three counts of an affidavit charging a violation of §§8356d, 8356t Burns' Supp. 1921, Acts 1917 p. 15, §§4, 20, by manufacturing intoxicating liquor and by keeping it with intent to sell and otherwise dispose of it, and by keeping a room where intoxicating liquor was kept for sale, etc., and that he had done so after having been twice convicted of violating the provisions of the Prohibition Law, a further finding that defendant was "guilty of a third conviction of violating the provisions of the prohibition law," was a nullity, since

that was not a separate offense, but only a circumstance to be considered in fixing the penalty, such statutes fixing an additional penalty upon a second conviction, and the court was without jurisdiction to impose a penalty on the finding that defendant was "guilty of the third conviction;" §8356l1 Burns' Supp. 1921, Acts 1917 p. 15, §38, prescribing a penalty for "violations of the act where the punishment therefor is not specifically provided" by the act not being applicable. p. 637.

6. CRIMINAL LAW.—*Appeal.—Instructions.—Bill of Exceptions.* —No questions as to the giving or refusal of instructions can be considered on appeal in a criminal case, where the instructions given and refused, and the exceptions taken, have not been made part of the record by a bill of exceptions. p. 638.

From Marion Criminal Court (51,154) ; *James A. Collins,* Judge.

Prosecution by the State of Indiana against Clarence Patton. From a judgment of conviction, the defendant appeals. *Reversed.*

*Asa H. Boulden* and *Robbins & Weyl,* for appellant. · *U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

EWBANK, J.—Appellant was convicted of having violated the Prohibition Law of Indiana by making intoxicating liquor, keeping such liquor in his possession with intent to sell and otherwise dispose of it to persons unknown, and maintaining a nuisance by keeping a room where such liquors were so kept for sale. Each of the three counts of the affidavit on which he was convicted further alleged that twice before, on dates named, appellant had been convicted of violating the provisions of the Prohibition Law, therein described. The affidavit was sworn to before the prosecuting attorney, who certified that fact, but without dating his certificate or affixing his seal. The record shows that it was filed in the city court fifteen days after the date on which it alleged, and the evidence tended to show, the offense was committed. The jury returned a verdict in four

paragraphs, the first three of which were exactly alike, except that each referred to a separate count (the first, second and third, respectively of the affidavit), and each found the appellant guilty as charged in a designated count, and that he be fined $100 and "imprisoned in the jail—Indiana State Farm for a period of 60 · days—months." A fourth paragraph of the verdict recited that the jury found appellant "guilty of the third conviction of violating the provisions of the prohibition law, as charged in the affidavit, and that he be fined in the sum of $250 (not less than $250 nor more than $500) and imprisoned in the county jail or Indiana State Farm for three months (not less than 3 months nor more than 1 year)." Each of said four paragraphs of the verdict was separately signed by the foreman.

Appellant filed a motion for a *venire de novo*, alleging that the verdict and each paragraph of it was so uncertain and defective that judgment could not be rendered upon it, which motion was overruled and he excepted. He then filed his motion for a new trial, alleging, among other causes, that certain errors were committed in giving and refusing instructions, and that the verdict was contrary to law. That motion was overruled and he excepted. The court rendered judgment that appellant, "make his fine to the State of Indiana in the penal sum of $100, that he be imprisoned in the Indiana State Farm for a term of sixty days, and that he pay and satisfy all the costs and charges herein as to each count, two and three of the affidavit." To this judgment and sentence the court added the following: "And it is further ordered and adjudged by the court that the defendant upon the verdict of the jury as to the third conviction be fined in the sum of $250, that he be imprisoned on the Indiana State Farm for a term of ninety days, and that he pay all the costs and charges herein."

Appellant filed a motion to modify the judgment, because of alleged defects in the jurat to the affidavit, and further to modify it—"by eliminating and expunging from the judgment rendered by the court upon the fourth or general verdict * * * both the fine assessed and the imprisonment adjudged * * * for the reason * * * (that it) is not upon a valid verdict finding the defendant guilty of any crime." The motion was overruled, and appellant excepted. Appellant filed a motion in arrest of judgment which was overruled and he excepted. Each of the above rulings has been assigned as error.

The motion in arrest of judgment seems to have been filed after final judgment had been rendered. If so, it came too late. *Smith* v. *State, ex rel.* (1894), 140 Ind. 340, 36 N. E. 708; *Id.* (1894), 140 Ind. 343, 350, 39 N. E. 1070; Ewbank's Manual (2d ed.) §116c; Ewbank, Criminal Law §586. Moreover, it was not based on the insufficiency of the facts stated in the affidavit to constitute a public offense, nor on a claim that the offense charged was not within the jurisdiction of the court. *Pittsburgh, etc., R. Co.* v. *State* (1912), 178 Ind. 498, 501, 99 N. E. 801; Ewbank, Criminal Law §§586, 663.

The failure of the prosecuting attorney before whom the affidavit was sworn to date his jurat was not a fatal defect. *Ross* v. *State* (1893), 9 Ind. App. 35, 36, 37, 36 N. E. 167. Neither was the omission of his seal. *Roberts* v. *State* (1921), 190 Ind. 232, 130 N. E. 125, 126.

Construed in connection with the statute (§8356d Burns' Supp. 1921, Acts 1917 p. 15, §4) which forbids any person to manufacture, sell or otherwise dispose of, or keep with intent to sell or dispose of, any intoxicating liquor, under penalty of a fine of not less than $100 nor more than $500 and imprison-

ment for not less than thirty days nor more than six months for a first offense, or a fine of not less than $200 nor more than $500 and imprisonment for not less than sixty days nor more than six months for each subsequent offense, and (§8356t Burns'. Supp. 1921, Acts 1917 p. 15, §20), which forbids keeping a room in which intoxicating liquor is kept for sale, etc., under penalty of a fine of not less than $100 nor more than $500, and imprisonment for not less than thirty days nor more than six months, and also in connection with the statute (§9926h Burns' Supp. 1921, Acts 1919 p. 81) which requires that persons sentenced to a term of imprisonment of more than thirty days for a misdemeanor shall be imprisoned at the Indiana State Farm, the first part of the verdict was intelligible. It found the appellant guilty under each of the three counts of the indictment, and that he should be fined $100 and be imprisoned at the Indiana State Farm sixty days. *Banks* v. *State* (1919), 188 Ind. 353, 355, 123 N. E. 961. The court properly overruled the motion for a *venire de novo*, and by the first paragraph of its judgment pronounced sentence accordingly.

But the only public offenses charged against appellant, for which he was on trial, were that he had violated §4 of the Prohibition Law (Acts 1917 p. 15, *supra*) in two particulars, by manufacturing intoxicating liquor and by keeping it with intent to sell and otherwise dispose of it, and had violated §20 (Acts 1917 p. 15, *supra*) by keeping a room where intoxicating liquor was kept for sale, etc., and that he had done so after having been twice convicted of violations of the Prohibition Law. The first part of the verdict having found him guilty on each count and fixed his punishment, the further finding that he was "guilty of the third conviction of violating the provisions of the prohibition law" was a nullity. That was not a separate offense, but was only a circumstance which, if proved, should

have been, and presumably was, taken into consideration in fixing the penalty for the offenses with which appellant was charged and of which he was found guilty. After pronouncing judgment and sentence upon the verdict of guilty on the three counts of the affidavit the court was without jurisdiction to go farther, and impose an additional penalty for being "guilty of the third conviction." The second paragraph of the judgment, above set out, was not within the issues submitted for trial nor authorized by law, and appellant's motion to modify the judgment by expunging it should have been sustained.

The section of the Prohibition Law suggested by counsel as the basis for this latter part of the judgment (§8356l1 Burns' Supp. 1921, Acts 1917 p. 15, §38) only prescribed a penalty for "violations of the act where the punishment therefor is not specifically provided" by such act; not in cases where the statute has specifically fixed the exact penalty by the section which defines and forbids the crime, as in §§4 and 20, *supra*.

Appellant's motion for a new trial presents no question as to the giving or refusal of instructions, because the instructions given, and those asked and refused, and the exceptions taken, if any, have not been made part of the record by a bill of exceptions. §§2163, 2165 Burns 1914, Acts 1905 p. 584, §§287, 289; *Tribbey* v. *State* (1918), 189 Ind. 205, 207, 126 N. E. 481; *Donovan* v. *State* (1916), 185 Ind. 15, 16, 111 N. E. 433; *Messel* v. *State* (1911), 176 Ind. 214, 220, 95 N. E. 565; *Carr* v. *State* (1911), 175 Ind. 241, 243, 93 N. E. 1071, 32 L. R. A. (N. S.) 1190; *Taylor* v. *State,* 191 Ind. 200, 132 N. E. 294, 296; Ewbank's Manual (2d ed.) §28c. Appellant's contention, that a new trial should have been granted because the verdict was contrary to law, is based upon the further proposition that the affidavit was void by reason

of the prosecuting attorney having failed to affix his seal. As we have seen, the seal was not essential in such a case. *Roberts* v. *State, supra.* It was not error to overrule the motion for a new trial.

The judgment is reversed, with directions to sustain appellants' motion to modify the judgment as to the second specification thereof, and to eliminate and expunge from such judgment that part which purports to impose the penalty of a fine of $250 and imprisonment for ninety days "upon the verdict of the jury as to the third conviction," and to resentence appellant accordingly.