### BRONNENBERG v. STATE OF INDIANA.

[No. 25,111.    Filed October 15, 1926.]

CRIMINAL LAW.—*Verdict directing imprisonment in the county jail was not so uncertain or defective that judgment of imprisonment at "State Farm" could not be pronounced thereon.* —In a prosecution for selling, bartering, exchanging, etc., intoxicating liquor, a verdict finding the defendant guilty as charged and providing that he be fined a named sum and imprisoned in the county jail for six months, was not so uncertain or defective that judgment could not be rendered thereon, as §12437 Burns 1926 required that one convicted of such offense shall be imprisoned at the Indiana State Farm.

From Madison Circuit Court; *W. A. Kittinger*, Judge.

Otho Bronnenberg was convicted of selling intoxicating liquor, and he appeals. *Affirmed.*

*George Windoffer*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *George J. Muller*, Deputy Attorney-General, for the State.

EWBANK, J.—Appellant was prosecuted on an affidavit charging that he unlawfully sold, bartered, exchanged, transported, furnished, gave away and otherwise disposed of intoxicating liquor, to wit, one-half pint of whisky to a person named. The verdict found him "guilty as charged in the affidavit, and that he be fined in the sum of $500 and imprisoned in the county jail for a period of six months." The court overruled defendant's motion for a *venire facias de novo* for the alleged reason that the verdict was so uncertain and defective that judgment thereon could not be rendered against him, and then rendered judgment that he "be and hereby is fined in the sum of $500, together with the costs of this action, and that he be imprisoned until discharged by law."

The verdict was intelligible, and under §12347 Burns 1926, Acts 1919 p. 81, the law required that upon such a verdict and judgment, the defendant should be imprisoned at the Indiana State Farm. *Banks* v. *State* (1919), 188 Ind. 353, 355, 123 N. E. 691; *Patton* v. *State* (1922), 192 Ind. 632, 637, 135 N. E. 795; *Summers* v. *State* (1926), *ante* 241, 151 N. E. 615. The judgment is affirmed.