STATE *versus* DANIEL C. HURLEY.

Exceptions do not lie to the refusal of the presiding Judge to quash an indictment

Section 32, c. 33 of the Public Laws of 1858, providing that "whenever an unlawful sale" of intoxicating liquor "is alleged, and a delivery proved, it shall not be necessary to prove a payment, but such delivery shall be sufficient evidence of sale," is constitutional.

ON EXCEPTIONS.

INDICTMENT against respondent for being a common seller of intoxicating liquors in violation of law. The indictment contained two counts, alleging a former conviction.

Respondent seasonably moved that the indictment be quashed for uncertainty and insufficiency, and because the penalties for convictions under the two counts were different. But the presiding Judge overruled the motion.

The respondent requested the presiding Judge to instruct the jury that the clause of §.32 c. 33 of the Public Laws of 1858, providing that " delivery shall be sufficient evidence of sale," is contrary to the constitution and void; but the presiding Judge declined to give the requested instruction, and thereupon the respondent alleged exceptions.

*Wilson,* in support of exceptions.

*Frye, Att'y General, contra.*

APPLETON, C. J.—The law is well settled that exceptions do not lie for refusing to quash an indictment. *State* v. *Burke*, 38 Maine, 574. No motion has been made in arrest of judgment.

By the Act, approved March 25, 1858, c. 33, § 32, "Whenever an unlawful sale is alleged, and a delivery is proved, it shall not be necessary to prove a payment, but such delivery shall be *sufficient* evidence of sale."

The counsel for the respondent requested the presiding Justice to instruct the jury that this section was contrary to the constitution and void, which he refused to do, whereupon exceptions were duly alleged because of such refusal.

The meaning and purpose of this section are obvious. In liquor prosecutions, difficulties early arose from the reluctance of witnesses to testify to all the facts attending the sale, and from the frequency of evasion on the part of unwilling witnesses. The Legislature saw fit to dispense with the proof of payment, and to enact that "delivery shall be sufficient evidence of sale." Delivery in the absence of all other proof, is made "sufficient evidence of sale,"—sufficient when no other proof is offered. It is open to disproof from every source. It may be explained by the attendant circumstances. The party delivering is not estopped by the fact of delivery. The government is not required to make proof of payment. The sale may be on credit. The fact of delivery is to be deemed sufficient, if not explained by the circumstances accompanying the delivery, or if the inference is not negatived by disproof. This rule of evidence is obviously in accordance with general, though not universal experience. It is no hardship on the defendant, as he can explain the fact, if susceptible of explanation.

The power of the Legislature to change or modify existing rules of evidence, or to establish new ones, has been exercised too long to be a matter of doubt. In *Com.* v. *Thurlow*, 24 Pick., 374, it was held that the prosecution was bound to prove, by competent evidence, that the defendant was not duly authorized to sell. The Legislature of Massa-

chusetts, subsequently, by stat., 1844, c. 102, declared the legal presumption to be, that in all prosecutions under the liquor laws the legal presumption should be, that the defendant had *not* been licensed, so that henceforth it is made incumbent on the defendant, if he relies on the fact, to prove the fact by the production of the record. This was the establishment of a new rule of evidence, the constitutionality of which is fully implied in the opinion of the Court in *Com.* v. *Tuttle,* 12 Cush., 502. Substantially, the same question as the one now before us arose in Massachusetts, and it was there held, after a careful examination of the authorities, that, in liquor prosecutions, a provision that delivery in or from any building or place other than a dwelling place " shall be *prima facie* evidence of sale," was constitutional and valid. *Com.* v. *Williams,* 6 Gray, 1. The authority of the Legislature to prescribe new rules of evidence is affirmed, and full reference is made to the legislative exercise of this power. Such is the law as decided by our Court in *Berry* v. *Lisherness,* 50 Maine, 118.                    *Exceptions overruled.*

CUTTING, KENT, DICKERSON, BARROWS and DANFORTH, JJ., concurred.