## Z. FAITH *v.* THE STATE.

1—The act of November 13, 1866, to regulate the sale, etc., of live stock—(Pamphlet Acts of 1866, page 223)—is not rendered unconstitutional by reason of its provision that the absence of the written conveyance required by it shall be *primâ facie* evidence of illegal possession, on a trial of right of property or of a charge of theft of such live stock.
2—The jury were sworn " well and truly to try the cause, and a true verdict render according to law and evidence." *Held*, to be in substantial, though not literal, conformity with the statutory oath, and to be good.

APPEAL from McLennan.   Tried below before the Hon. A. J. Evans.

The appellant was indicted and convicted of the theft of a gelding.

*Bowers, Walker & Cullen*, for the appellant.

*E. B. Turner*, Attorney General, for the State.

CALDWELL, J.—The material question raised by counsel for appellant, is the constitutionality of an act approved Nov. 13, 1866.   (Pamphlet Acts, chapter 179, page 223.)

The first section provides that upon the sale, alienation or transfer of certain animals therein named, the purchaser shall take a written conveyance descriptive of the animal so purchased or transferred, and upon the trial of any person charged with the theft of any animal of this character, the absence of this written conveyance shall be deemed *prima facie* evidence of " illegal possession."

The court gave this section in charge to the jury.   We can not perceive that this infringes upon the constitution, as insisted upon by counsel, or in any manner deprives the defendant of any right or privilege secured thereby.   Does it

supply any new rule of evidence ? or is it not rather a mitigation of the common law rule ?

It has ever been held that the possession of property proved to have been recently stolen, is *prima facie* evidence of guilt, if possession be not accounted for consistent with innocence. (1 Greenleaf, § 34.)

This act enjoins a *duty* upon the citizen—the leading, if not the only, object of which is to protect a great and growing interest in the State. That duty is to preserve, in an enduring form, the evidence of his title to a particular species of property.

Should he refuse to comply with the mandate of the law, the effect of such failure is to hold him as "illegally," not feloniously, " possessed " of the property.

Aforetime, a person in possession of this species of property was adjudged, *prima facie*, to be the owner.

Under this act he is still so, unless, upon the trial of the right of property, or upon a charge of theft, he fails to produce, or account for, the written conveyance.

In that event the law, *prima facie*, holds the " possession " not theft, but "illegal."

Having fixed upon the defendant this illegal possession, the jury may couple the circumstance with the other facts of the case, and mark its effect upon their minds in the form of their verdict.

But this circumstance (absence of the written conveyance), resulting from the omission of a plain statutory duty, it seems, might have been given in evidence even without the *act* under review.

Thus, upon an indictment for retailing spirituous liquors without a license, if, upon the trial, the defendant produce not his license, it is evidence against him, resulting from an omission of duty. We must presume that every man obeys the mandate of the law in the performance of duty enjoined, until it otherwise appear. (1 Greenleaf, § 40.)

The jury were sworn " well and truly to try the cause, and

a true verdict render according to law and evidence." This, though not in the precise language of the statute, is a substantial compliance.

The evidence is sufficient to sustain the verdict, and finding no error in the charge, the judgment is affirmed.

Affirmed.