STATE OF MAINE *vs.* DANIEL O'CONNELL.

Waldo.   Opinion June 7, 1889.

*Intoxicating liquors.   "R. L. D."   U. S. special tax.   Evidence.   New trial.*

A copy of the record of special taxes kept by the collector of internal revenue, sustained by the oath of the person making the examination and comparison, is admissible in evidence to show that the respondent had taken out a United States license as a retail liquor dealer.

The testimony of a witness as to the meaning of the letters "R. L. D." in such record, is admissible, if the witness has such special knowledge as to enable him to testify in relation to their meaning.

Where it is proved that a party has taken out such license, the jury may rightfully infer, in the absence of evidence to the contrary, that the party has paid the tax to the United States.

Where the jury are precluded, by the instructions of the presiding justice, from determining what weight should be given to evidence, a new trial was ordered.

*State* v. *Intoxicating Liquors*, 80 Maine, 57, affirmed.

ON EXCEPTIONS.

This was an indictment against the defendant for being a common seller of intoxicating liquors.

At the trial, the government introduced in evidence a sworn copy of the record of special taxes, paid in the office of the U. S. collector of internal revenue, for the district of Maine, upon which the name of the defendant appears, his business being designated under the initials R. L. D. at Belfast and the amount of taxes paid $16.67 on Sept. 23, 1887 and for the period ending April 30, 1888.

This copy was supported by the evidence of a witness who had compared it with the original.   The defendant seasonably objected to the admission of the paper, as evidence of payment by him of the tax therein named, because it was incompetent and not sufficient for that purpose.   The presiding justice admitted the paper, against such objections.

Subject to objection, the witness was allowed to testify that the letters "R. L. D." in the paper meant and stood for "retail liquor dealer," it appearing that he had always known their meaning,

and had seen the letters many times in the office of the collector of internal revenue.

To these rulings the defendant excepted.

The presiding justice instructed the jury *inter alia* as follows, viz.:

"I think, if you find that the United States government, through its officer, has issued to a man a license for a retail liquor dealer, that you may infer that that man has paid the tax, the license itself being his evidence that he has paid the tax, so that if the United States officers come down upon him, he can show his license as evidence of having paid the tax.

Our state government goes further, and says that when it appears to a jury that a man has paid that tax as a retail liquor dealer,—that that fact of payment, if he has paid it, is *prima facie* evidence that he is a liquor dealer, that he is a common seller, or that he was a common seller during the time the license ran."

The presiding justice further instructed the jury, in reference to the effect of respondent's having paid the tax to the United States, and which his counsel claimed prejudiced the respondent, and took from the jury the weight to be given to such evidence.

To said instruction the respondent by his counsel reserved exceptions before the retirement of the jury.

The jury returned a verdict of guilty.

*W. H. Fogler*, for defendant.

The sworn copy to be admissible should be a complete copy. *Owen* v. *Boyle*, 15 Maine, 147. It was only a memorandum without caption or conclusion. The original is not proved to have been made by any person whose duty it was to make it, or in the custody of any officer of the government. 1 Green. Ev. §§ 483, 484. Testimony to explain its meaning is inadmissible, it being a record which must speak for itself. The witness to meaning of letters "R. L. D." shows no special knowledge upon the subject.

The instruction of the presiding justice as to the effect of the copy admitted as evidence is erroneous. The effect of such testimony was for the jury. When the presiding justice said "I think * * * that you may infer that that man has paid the tax" it was at least the expression of an opinion, which was unauthorized.

The last paragraph of the instructions excepted to was in effect an instruction that, if the jury found that the respondent had paid the tax, he was guilty of the offense charged. *Prima facie* evidence of a fact, is in law sufficient to establish the fact unless rebutted. 1 Starkie on Ev. 479; *Kelly* v. *Jackson*, 6 Pet. 622; *U. S.* v. *Wiggins*, 14 Id. 334.

In a legal sense *prima facie* evidence, in the absence of controlling evidence or discrediting circumstances, becomes conclusive of the facts; that is, it should operate upon the minds of the jury as decisive to found their verdict as to the fact. *Kelly* v. *Jackson, supra.*

The instruction under discussion was therefore, in effect, that if the jury found that the respondent had performed an act, not criminal, to wit, if he had paid a tax as a retail liquor dealer, they were bound in the absence of any rebutting testimony, to find him guilty of the crime of being a common seller of intoxicating liquor during the time his license ran.

The jury was thus precluded from determining what weight should be given to the fact of the respondent's having paid the tax, and therefore, were precluded from passing upon the question of the respondent's guilt or innocence.

The subsequent portions of the charge are not sufficient to overcome the objections urged against the instructions excepted to.

*Orville D. Baker*, attorney general, and *R. F. Dunton*, county attorney for state.

The copy of the record of the collector of internal revenue, sworn to by the witness, was properly admitted in evidence. *State* v. *Gorham*, 65 Maine, 270; *State* v. *Lynde*, 77 Maine, 561; *State* v. *Hall*, 79 Maine, 501.

The evidence of the witness, as to the meaning of the letters "R. L. D." in the record, was admissible. Green. Ev., vol. 1, § 280. *Com.* v. *Morgan*, 107 Mass. 199.

The record of the collector of internal revenue, showing the issuing of a license to respondent, as a retail liquor dealer, is *prima facie* evidence, not only of that fact, but of the fact that respondent paid the tax. Public officers are presumed to do their duty. The jury were authorized to infer the payment of the tax

by respondent, from the fact that the license was issued to him, and the instruction of the presiding judge upon this point is correct. *State* v. *Gorham,* 65 Maine, 270; Best Ev. § 348 and note.

By statutory provision, the payment of the United States tax as a liquor seller by respondent is made *prima facie* evidence, that he is a common seller of intoxicating liquors. Public Laws of 1887, c. 140, § 8.

FOSTER, J. The respondent was tried upon an indictment against him for being a common seller of intoxicating liquors.

1. Exceptions were taken to the admission in evidence of a copy of the record of special taxes, kept by the collector of internal revenue, showing that the respondent had taken out a United States license as a retail liquor dealer.

A witness for the government testified that he had compared the copy with the record, and that it was a true copy thereof.

Such copy, sustained by the oath of the person making the comparison, was admissible in evidence. It came in as an "examined copy." It was not introduced as an original record, or as a certified copy properly authenticated upon its face, and consequently further proof was necessary to its admissibility. *State* v. *Lynde,* 77 Maine, 562.

2. The same witness testified that the letters "R. L. D." in the record stand for "Retail Liquor Dealer."

This evidence was admissible if the witness had such special knowledge as would enable him to testify in relation to their meaning. 1 Green. Ev. § 280. *Com.* v. *Morgan,* 107 Mass. 199. He states his means of knowledge, and the question of his competency was one addressed to the court and to which exceptions do not lie.

3. Nor was there error in the instruction of the presiding justice that if the jury find that the United States had issued a license to a man for a retail liquor dealer, they might infer that he had paid the tax. The correctness of this proposition was laid down in *State* v. *Gorham,* 65 Maine, 272.

4. It is contended by the respondent that the presiding justice in effect instructed the jury that if they found the respondent had paid the tax he was guilty of the offense charged. While

such was not undoubtedly the intention of the court, as an examination of the whole charge shows, yet we think the jury may have derived an erroneous idea of the law upon this particular point from the language used. As stated to the jury, it is the opinion of the court that it was not in accordance with the decision of this court in *State* v. *Intoxicating Liquors*, 80 Maine, 57.

The evidence, from whatever source it is derived, must be such as to satisfy the jury beyond a reasonable doubt of the respondent's guilt.

*Exceptions sustained.*

PETERS, C. J., DANFORTH, LIBBEY and HASKELL, JJ., concurred.