THE STATE OF NORTH DAKOTA v. ROBERT MOMBERG AND FRANK BAUER.

Opinion filed May 24, 1905.

**Intoxicating Liquors — United States License as Evidence — Instructions.**

> 1. Construing section 7614, Rev. Codes 1899, which makes the fact that one has or keeps posted in or about his place of business a United States revenue receipt or license for the sale of distilled malt or fermented liquors prima facie evidence that he is selling and keeping for sale intoxicating liquor contrary to law, it is *held,* that by prima facie evidence is meant competent evidence, and evidence which is legally sufficient to justify the jury in finding the fact of unlawful sales, provided it satisfies them beyond a reasonable doubt, but not otherwise. It is not conclusive, and to so instruct is error.

Appeal from District Court, Bottineau county; *Palda,* J.

Robert Momberg and Frank Bauer were convicted of keeping a liquor nuisance, and appeal.

Reversed.

*V. G. Noble, E. B. Goss, H. S. Blood* and *G. A. Bangs,* for appellant.

The court erred in this instruction: "By prima facie evidence is meant evidence which you must receive as conclusive unless the same is explained by the defendants by other evidence produced before you in this case." State v. Barry, 11 N. D. 428, 92 N. W. 809.

Prima facie evidence only means that such evidence is competent and sufficient to justify a verdict of guilty, if the jury is satisfied of the defendant's guilt beyond a reasonable doubt. State v. Liquors and Vessels, 12 Atl. 794; State v. O'Connell, 19 Atl. 86.

*A. G. Burr,* State's Attorney, for respondent.

The jury may have the right to reject the testimony of a witness, but they have no right to reject anything that the law says is

prima facie evidence, when no attempt is made to disprove it, and the defense is called upon to explain away this prima facie evidence. The finding of the United States license, which unexplained and uncontroverted, would be sufficient in itself to justify a verdict of guilty in the charge as to the effect of finding a United States license.

YOUNG, J. The defendants were tried and convicted under an information charging them jointly with keeping and maintaining a common nuisance, and they have appealed from the judgment.

The record shows that at the trial the state, in support of its allegations that the defendants kept and maintained a place where intoxicating liquors were sold, introduced, in connection with the testimony of one Daley, a deputy sheriff, a United States government license for the sale of malt liquors, which he had taken from the walls of the building in which it is alleged the defendants maintained the nuisance. The trial judge instructed the jury as to the legal effect of the license, as follows: "I charge you that the finding of a United States license for the sale of malt liquors on these premises and in the possession of these defendants is prima facie evidence of their guilt, if you find proof, to your satisfaction beyond a reasonable doubt, as to that and as to the other material allegations. By prima facie evidence is meant evidence which you must receive as conclusive, unless the same is explained by the defendants by other evidence produced before you in the case." That part of the foregoing instructions in which the court defined the legal effect of the term "prima facie evidence" is assigned as error.

The instruction attempts to give effect to that part of section 7614, Rev. Codes 1899, which provides that "in all cases, other than those when intoxicating liquor is sold by virtue of the provisions of this chapter, the fact that any person engaged in any kind of business has or keeps posted in or about his place of business a receipt or stamp showing payment of the special tax levied under the laws of the United States upon the business of selling distilled, malt or fermented liquor, or the holding of a license from the government of the United States in the name of any person, persons or corporation to sell intoxicating liquor shall be held and deemed prima facie evidence against such person, persons or corporation, that he or they or it are keeping for sale and selling intoxicating liquors contrary to law." In our opinion the instruction

complained of was erroneous and prejudicial. The jury was instructed, in effect, that the finding of a United States license on the premises and in the possession of the defendants was evidence of their guilt, which the jury. "must receive as conclusive, unless explained by the defendants by other evidence." In other words, if unexplained, they were required to find the defendants guilty, whether convinced of their guilt or not. This was error. This statute, in declaring that the possession of the license shall be prima facie evidence, means that such evidence is competent and sufficient to justify a jury in finding a defendant guilty, provided it does in fact satisfy them of his guilt beyond a reasonable doubt, and not otherwise." State v. Liquors, 80 Me. 57, 12 Atl. 794; State v. O'Connell (Me.) 19 Atl. 86. "These statutes, it is said, are merely declaratory of the common law, and are valid. But they do not raise a conclusive presumption against the defendant. It is error to instruct the jury that they must find him guilty on proof of such facts alone, for such evidence is competent and sufficient to justify a verdict only if the jury are satisfied of defendant's guilt beyond a reasonable doubt." Black on Intoxicating Liquors, section 509. Indeed, the true rule in all criminal cases is that, "before a conviction can be had, the jury must be satisfied from the evidence beyond a reasonable doubt of the affirmative of the issue presented in the accusation that the defendant is guilty in the manner and form as charged in the indictment or information." 3 Rice on Evidence, section 259, and cases cited. And it is error for the court to instruct the jury that evidence, even though uncontradicted, is conclusive. See State v. Barry, 11 N. D. 428, and cases collected on pages 449 to 451, inclusive, 92 N. W., pages 817 to 819.

Judgment reversed and new trial ordered. All concur.
(103 N. W. 566.) .