Hillsborough, }
Feb. 5, 1924. }

## STATE *v.* HENRY LAPOINTE.

Laws 1919, *c.* 99, *s.* 4, providing that "the possession of any intoxicating liquor
. . . shall be *prima facie* evidence of a violation of this section" means that
possession shall be sufficient to invoke the judgment of the jury; possession
in the absence of other evidence does not compel a verdict of guilty; hence
a charge that if the jury found that possession was proved they must also
find that it was illegal is error.

The legislature may change the rules of evidence in criminal cases, and may
provide that one fact may be inferred from another, where such inference is
within the bounds of reason.

The legislature cannot provide that in a criminal case one fact shall be conclusive
proof of another fact, in the absence of other evidence.

APPEAL, from a conviction in a municipal court upon a complaint
for the illegal possession of intoxicating liquor, second offense.
Trial by jury and verdict of guilty.

Subject to exceptions, the superior court, *Branch*, J., denied the
defendant's motion for a directed verdict, based upon the conten-
tion that the statutory provision that possession of intoxicating
liquor shall be *prima facie* evidence of illegality is unconstitutional,
and charged the jury that if they found possession was proved they
must also find that it was illegal, there being no other evidence
upon the latter question.

*Ferdinand Farley*, solicitor, and *J. Blanche Newhall*, for the state.

*Timothy F. O'Connor* and *Myer Saidel*, for the defendant.

PEASLEE, J.  The section of the statute making possession of
intoxicating liquor an offense, unless the liquor was lawfully pro-
cured, also provides that "the possession of any intoxicating liquor
within this state shall be *prima facie* evidence of violation of this
section."  Laws 1919, *c.* 99, *s.* 4.  At the outset the question arises
as to what is here intended by the words *prima facie* evidence.  Do
they mean evidence which compels a finding, in the absence of
other evidence (*Copp* v. *Henniker*, 55 N. H. 179, 205), or was it the
purpose to make such evidence sufficient to invoke the judgment
of the jury (*State* v. *Forbes*, 75 N. H. 306)?  It is contended by the
state that the expression was designed to convey the former meaning;
and that consequently there was no error in the instruction that if

the jury found possession to be proved beyond a reasonable doubt they must also find that it was illegal (there being no other evidence upon the question), and so finding must also find the defendant guilty. The defendant assumes that the state's interpretation of the statute is correct, and challenges the constitutionality of such legislation.

It is to be presumed that the legislature intended to confine its action within constitutional bounds. If a statute is open to two interpretations, one making it constitutional and the other not, it will ordinarily be presumed that the former was the meaning intended. *Cheshire &c. Telephone Co.* v. *State*, 63 N. H. 167, 169, and cases cited.

The question is thus presented whether a statute enacting that in a criminal case fact A shall be conclusive evidence of fact B, in the absence of other evidence as to fact B, can be sustained. Such statutes have been upheld in several states. The reasons upon which these decisions have frequently been based are those stated in a recent opinion of the supreme court of the United States.

"That a legislative presumption of one fact from evidence of another may not constitute a denial of due process of law or a denial of the equal protection of the law it is only essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from proof of another shall not be so unreasonable as to be a purely arbitrary mandate. So, also, it must not, under guise of regulating the presentation of evidence, operate to preclude the party from the right to present his defence to the main facts thus presumed.

If a legislative provision not unreasonable in itself prescribing a rule of evidence, in either criminal or civil cases, does not shut out from the party affected a reasonable opportunity to submit to the jury in his defence all of the facts bearing upon the issue, there is no ground for holding that due process of law has been denied him." *Mobile &c. R. R. Co.* v. *Turnipseed*, 219 U. S. 35, 43.

The above statement is sound when used as a test for violation of the federal constitution by state legislation relating to procedure, as that has only to do with due process and equal protection of law. The question of the defendant's rights under the state constitution is not involved. So far as the federal constitution is concerned, it "is within the acknowledged power of every legislature to prescribe the evidence which shall be received, and the effect of that evidence, in the courts of its own government." *Fong Yue Ting* v. *United*

*States,* 149 U. S. 698, 729; *Adams* v. *New York,* 192 U. S. 585, 599; *Hawes* v. *Georgia,* 258 U. S. 1.

But the application of this reasoning has not been limited to cases arising under the federal constitution. It has been adopted in instances where the issue of the defendant's rights under the provisions of state constitutions (all of which are in substance like our own, 4 Wig. Ev., s. 2252, note 3) were involved. It has accordingly been held that such a statute does not deprive the defendant of his right to a trial by jury, nor otherwise invade the province of the court, and that it does not impair the defendant's right to insist that the state must prove the charge laid against him. *People* v. *Adams,* 176 N. Y. 351; *State* v. *Sattley,* 131 Mo. 464; *State* v. *Tincher,* 81 W. Va. 441; *Diamond* v. *State,* 123 Tenn. 348; *Wooten* v. *State,* 24 Fla. 335; *Gillespie* v. *State,* 96 Miss. 856; *State* v. *Kline,* 50 Ore. 426; *Hawes* v. *State,* 150 Ga. 101.

In some of the cases (*State* v. *Sattley, supra; State* v. *Tincher, supra*) reliance is also put upon the similarity to the presumption of guilt from the recent possession of stolen goods. The law on the latter subject, rightly applied, is against rather than for such conclusions. "But if we look at the question as one of principle we shall see that, in the nature of the case, evidences of possession . . . should be submitted to the consideration of the jury, and they should decide, as a question of fact, not of law, whether the defendant is the guilty person or not." Bish. Cr. Pro. (2d *ed.*), s. 740; *State* v. *Hodge,* 50 N. H. 510.

The foregoing cases very generally purport to be founded upon the earlier decisions in New England and New York. One of the first cases upon the subject, and the leading one, is *Commonwealth* v. *Williams,* 6 Gray 1. The statute was essentially like the one here under consideration. The charge to which exception was taken was that delivery "was *prima facie* evidence of sale by said defendant, upon which the jury might find a verdict against him, unless explained or controlled by other evidence." The instruction presents no such question as that argued here. The jury were told that they might, not that they must, convict. The language of the opinions, — both that of the court and the dissenting opinion of *Thomas,* J., — fails to clearly draw this distinction.

*Merrick,* J., speaking for the court, said: "Nor does it appear that the establishment of this new rule of evidence is in any degree the result of judicial, instead of legislative action; or that it does in any way infringe upon the indisputable right of the accused to have his

guilt or innocence ascertained, and the charge made against him passed upon, by a jury. The statute only prescribes, to a certain extent, and under particular circumstances, what legal effect shall be given to a particular species of evidence, if it stands entirely alone and is left wholly unexplained. This neither conclusively determines the guilt or innocence of the party who is accused, nor withdraws from the jury the right and duty of passing upon and determining the issue to be tried. The burden of proof remains upon the government to establish the accusation which it makes. . . . The only purpose and effect of the particular clause of the statute objected to are, to give a certain degree of artificial force to a designated fact, until such explanations are afforded as to show that it is at least doubtful whether the proposed statutory effect ought to be attributed to it; but the fact itself is still to be shown and established by proof sufficient to convince and satisfy the minds of the jurors." *Ib.*, 3, 4. What the "certain degree of artificial force" was, does not clearly appear. Taking the decision as a whole, it does not hold or state that the evidence is conclusive unless explained. It makes a case for the jury. In the subsequent application of the decision in that state, care has been taken not to go beyond that. *Commonwealth* v. *Wallace,* 7 Gray 222; *Commonwealth* v. *Rowe,* 14 Gray 47; *Commonwealth* v. *Barber,* 143 Mass. 560; *Commonwealth* v. *Smith,* 166 Mass. 370; *Opinion of the Justices,* 208 Mass. 619.

*State* v. *Cunningham,* 25 Conn. 195, has also been cited frequently to sustain the main contention. In that case it was held that the statute left the question to the jury. The charge being thought to imply that they must find, rather than that they might, the verdict was set aside. It is really an authority against rather than for the state's contention, although certain parts of the opinion are somewhat inconsistent with the conclusion reached.

In *State* v. *Hurley,* 54 Me. 562, the statute was that the primary fact should be "sufficient evidence" of the secondary. The law was upheld without decision or discussion of what the language meant. That it is to be taken in the restricted sense is shown by the late cases wherein it is held that to make the evidence conclusive under such circumstances would be beyond the power of the legislature.

"The very essence of 'trial by jury' is the right of each juror to weigh the evidence for himself, and in the exercise of his own reasoning faculties, determine whether or not the facts involved in the issue are proved. And if this right is taken from the juror — if he

is not allowed to weigh the evidence for himself — is not allowed to use his own reasoning faculties, but, on the contrary, is obliged to accept the evidence at the weight which others have affixed to it, and to return and affirm a verdict which he does not believe to be true, or of the truth of which he has reasonable doubts — then, very clearly, the substance, the very essence, of 'trial by jury' will be taken away and its form only will remain." *State* v. *Intoxicating Liquors*, 80 Me. 57; *State* v. *O'Connell*, 82 Me. 30. In neither of these cases is any mention made of *State* v. *Hurley*, *supra*. However the latter case may have been understood in other jurisdictions, it plainly has not been thought to lay down the broad rule in the state of its rendition.

In *State* v. *Prescott*, 27 Vt. 194, and *Lincoln* v. *Smith*, 27 Vt. 328, the exact meaning of the term *prima facie* evidence does not appear to have been involved and is not discussed. As in *State* v. *Cunningham*, *supra*, some passages in the majority opinion might indicate views favorable to the state here.

This group of decisions, all rendered between 1855 and 1867, and in a large measure each independent of the authority of the others, has been much misunderstood and often misapplied. They have in many instances been treated as deciding that the legislature might make fact A conclusive proof of fact B, in a criminal case, in the absence of other evidence. Our own court cited them in 1875 as holding that " the legislature may, by statute, give certain evidence that has a natural tendency to prove a certain fact, the weight of *prima facie* evidence, in criminal cases." *Copp* v. *Henniker*, 55 N. H. 179, 205. This is a correct statement of the decisions, but the comment which follows assumes what none of the cases decide. "'*Prima facie*,' in criminal cases, means proof beyond all reasonable doubt in the absence of other proof raising a reasonable doubt. If the doctrine of these cases is sound, and if it can be extended to civil cases, it would show that the determination of the weight of evidence that has a natural, inherent, probative force in the ordinary, common-law sense, is an exercise of legislative and not of judicial power, or that it is an exercise of judicial power which the legislature may transfer from the judicial to the legislative branch of the government." *Ib.*, 205.

The error in *Copp* v. *Henniker* lies in the assumption that the criticized decisions took from the court or jury the power to weigh the evidence. No doubt *prima facie* evidence, in a criminal case, does mean proof beyond a reasonable doubt in the sense that such

proof may be found as a fact from such evidence. But these cases furnish no solid basis for the further claim that they hold that the statutes took from the triers of the facts the duty to weigh the *prima facie* evidence and ascertain whether it was sufficiently ponderous to satisfy the rule as to legal proof.

The mistaken interpretation of the cases in *Copp* v. *Henniker* did no substantial harm at the time, for the supposed error of other courts was vigorously repudiated. In some other jurisdictions the same fallacious interpretation has been accepted, and with less fortunate results. In still other states the limitations which are implicit in the early cases have been observed and applied; but as in the pioneer cases, the point has not infrequently been left without sufficient emphasis.

In *Board of Commissioners* v. *Merchant*, 103 N. Y. 143, the jury were charged in the words of the statute. The conviction was upheld, apparently upon the view that the jury were to weigh the *prima facie* evidence, the court stating that the proof was in any event "good common law evidence of a sale." That such is the rule in that state was made clear in *People* v. *Cannon*, 139 N. Y. 32, where the court, by *Peckham*, J., say: "A provision of this kind does not take away or impair the right of trial by jury. It does not in reality and finally change the burden of proof. The people must at all times sustain the burden of proving the guilt of the accused beyond a reasonable doubt. It, in substance, enacts that, certain facts being proved, the jury may regard them, if believed, as sufficient to convict, in the absence of explanation or contradiction. Even in that case, the court could not legally direct a conviction. It cannot do so in any criminal case. That is solely for the jury, and it could have the right, after a survey of the whole case, to refuse to convict unless satisfied beyond a reasonable doubt of the guilt of the accused, even though the statutory *prima facie* evidence were uncontradicted. The case of *Commonwealth* v. *Williams* (6 Gray 1) supports this view. . . . The legislature has the power to make these facts sufficient to authorize the presumption (*State* v. *Mellor*, 13 R. I. at 669), and the jury has the power, in the absence of all other evidence, to base its verdict thereon, if satisfied that the defendant is guilty. But the jury must in all cases be satisfied of guilt beyond a reasonable doubt, and the enactment in regard to the presumption merely permits, but cannot in effect direct the jury to convict under any circumstances. . . . The effect of the presumption is to call upon the accused for some explanation. If none be

given, the jury may, as I have said, still refuse to convict; but if they convict, the verdict may be upheld as founded upon sufficient evidence. The provision fills all the requirements of an act of this nature, for it leaves an accused a fair opportunity to relieve himself from the presumption, to explain the circumstances . . ." *Ib.*, 43, 44, 47.

The general tenor of the foregoing opinion is undoubtedly sound, but the suggestion in the last sentence quoted that the statute fulfils all the constitutional requirements by merely giving the accused a chance to explain, is misleading and, if taken as a statement of the whole law, is unsound. As will be more fully considered later, more than an opportunity to explain can be demanded. But the expression has been laid hold upon as describing the whole of the defendant's rights. In *People* v. *Adams*, 176 N. Y. 351, 361, it is declared that by such a statute "the legislature has cast the burden of proof upon the person who has in his possession these incriminating papers," and that since "The fullest opportunity is afforded him to rebut this statutory presumption," therefore "The exercise of this power is clearly within constitutional limitations." *Ib.*, 361, 362. This reasoning is fairly illustrative of that generally adopted in the cases hereinbefore cited as sustaining the state's contention.

As opposed to this line of authority there are, in addition to the cases already cited, others which with varying clarity or positiveness state or apply the rule announced in *People* v. *Cannon*, 139 N. Y. 32. *State* v. *Barrett*, 138 N. C. 630; *Paducah* v. *Ragsdale*, 122 Ky. 425.

In several instances the cases usually cited as upholding the binding effect of such a provision upon the consciences of the jury, merely hold that a statute making facts *prima facie* proof is valid, no consideration being given to what the words *prima facie* evidence mean. Of this class are *State* v. *Thomas*, 144 Ala. 77; *Banks* v. *State*, 124 Ga. 15; *State* v. *Sheppard*, 64 Kan. 451; *Faith* v. *State*, 32 Tex. 373. In others, there is much discussion and scant conclusion. *State* v. *Beach*, 147 Ind. 74; *Meadowcroft* v. *People*, 163 Ill. 56.

It is said that so long as the defendant has preserved to him the right to fully present his defence, and then have the evidence weighed, he has nothing to complain of. But the right to make defence is not the whole right secured to one charged with crime. He has also the right to insist that before he can be found guilty there must be substantial evidence upon every fact essential to the establishment

of his guilt, and that this evidence shall be weighed by the jury and found sufficient to prove the case. It is his right to decline to produce any evidence and to stand solely upon the proposition that the state must prove a case against him.

No doubt the legislature may change the rules of evidence, subject always to the limitation that all laws must be reasonable; but the attempt here, and the decisions elsewhere, go far beyond this and assume to declare how certain evidence shall be weighed under certain circumstances.

Much confusion has arisen from the failure to keep clearly in mind what legislation is, and what is not, a rule of evidence. Thus, the legislature may lawfully establish what is called a conclusive presumption. Such an act is not the establishment of a rule of evidence but a change of the substantive law. A statute providing that in all prosecutions for burglary upon proof of breaking an entry will be presumed, would be merely enacting that the crime of burglary should consist of breaking. Entry is no longer material. 2 Wig. Ev., *s.* 1353. Such a statute is not in substance a direction that certain evidence shall have a fixed weight, but that a certain fact need not be proved; or, stated more directly, that the fact no longer enters into the issue. *Murchie* v. *Clifford,* 76 N. H. 99, 106.

Decisions upholding such statutes afford no basis for sustaining the present contention. The situation presents no such question. Possession is not made to conclude the issue of its unlawfulness, except in the absence of other evidence. The character of the possession is not made immaterial. Its materiality is recognized and the attempt is to establish the fact by a legislative fiat that, failing other evidence, the character of possession is conclusively proved. In other words, the jury are to be directed that fact A conclusively establishes the existence of fact B, and that in a criminal case where the latter fact is one the state is bound to prove.

Rules of *prima facie* proof in civil causes, both statutory and common law, have been sustained upon the ground that they merely regulate the duty to go forward with the production of evidence. 2 Wig. Ev., *s.* 1354; *Spilene* v. *Company,* 79 N. H. 326; *Gaffney* v. *Coffey, post,* 300. But the caution that legislative power in this respect must be exercised subject to "the limitations of evidence expressly enshrined in the constitution" (2 Wig. Ev., 1 *ed. s.* 1354) has not always been heeded.

Not only have certain rules concerning evidence been protected by constitutional provisions, but certain methods of procedure,

especially in the prosecution of crimes, have been given like protection. When constitutional objections to a so-called legislative rule of evidence are obviated by treating the enactment as a rule of procedure, the question of the violation of procedural constitutional right remains to be considered.

The rule of the constitution is that the defendant in a criminal case cannot be compelled to go forward. "The fact that he is charged with a crime gives him certain special privileges. Among these are the requirement of the State to prove the charge against him beyond a reasonable doubt; the constitutional prohibition of compelling him to accuse or furnish evidence against himself; the right to meet the witnesses against him face to face, and so forth." *State* v. *Ober*, 52 N. H. 459, 463. "If he pleaded not guilty, he was not and could not be, required to do or say anything more." *State* v. *Gerry*, 68 N. H. 495, 500.

Even in civil causes, the legislature cannot direct how evidence shall be weighed. *Murchie* v. *Clifford*, 76 N. H. 99, 106. It is only upon the ground that so-called rules regulating what shall constitute *prima facie* proof in such causes amount merely to regulations of the duty to go forward, that the statutes can be sustained. The basis for these decisions is manifestly the legislative power to regulate procedure in a reasonable way. They have no bearing upon a situation where such power is lacking. In many respects there is no such power over criminal proceedings. It cannot be directly provided that the accused shall furnish evidence against himself. It of course follows that the same thing cannot be done indirectly. A statute which depends for its validity upon a legislative power to compel a defendant to proceed at certain stages of the trial, or upon certain questions, cannot be upheld when the essential legislative authority is lacking.

In a criminal prosecution, non-action of the defendant cannot be substituted for action upon the part of the state, as to any matter required to be established as a part of the state's case. Neither the burden of proof nor the burden of proceeding with any evidence to prove such case can be imposed upon the party charged with crime.

Most courts that have sustained these statutes as binding the judgment of the jury have done so upon the theory that all the legislature had undertaken to do was to prescribe a rule of evidence. As already pointed out, this is not the real purpose and effect of the legislation. It seeks to compel a party to go ahead in the case, to

produce evidence, or else have the fact found against him as matter of law. It is a rule of procedure, and undertakes to take from the defendant rights guaranteed to him by the constitution.

It is herein that these statutes are fatally defective. By what authority can the legislature impose a burden upon the defendant for not producing evidence? One will search in vain through all the decisions for any answer. No doubt the statute gives the defendant full opportunity to present all the evidence, but that does not help the situation. These statutes were not designed for, and do not apply in, cases where other evidence upon the question is produced. They apply only to cases where there is no evidence save the statutory inference from fact A to fact B, and they say to the jury that the inference is inevitable. You must find fact B if you find that fact A is proved.

Because of the reasons above suggested, it has seemed to some courts that the term *prima facie* evidence ought rather to be construed as meaning evidence sufficient to invoke the judgment of the trier of fact, and to support a verdict if one be found. *State v. Cunningham,* 25 Conn. 195; *People v. Cannon,* 139 N. Y. 32; *Commissioners v. Merchant,* 103 N. Y. 143; *State v. Barrett,* 138 N. C. 630; *State v. Intoxicating Liquors,* 80 Me. 57; *State v. O'Connell,* 82 Me. 30; *State v. Momberg,* 14 N. D. 291; *Sellers v. State,* 11 Okla. Cr. 588. So construing the statutes, their validity is sustained. But because it is sustained it does not follow that a broader interpretation of the legislative language would be upheld. The plain inference from the opinions is that it would not. In some of them it is so stated.

The broader interpretation of such statutes impairs the defendant's undoubted right to insist that he cannot be convicted except upon evidence produced against him. If it were to be called a rule of evidence, it would be invalid because it would undertake to invade the judicial sphere, by prescribing the weight of certain evidence. Treated as a rule of procedure, it undertakes to compel the defendant to produce evidence, or else have a question of fact decided against him, as though it were one of law. To stress this so-called privilege of the defendant to produce evidence, as so many courts have stressed it, is an entire perversion of the protection guaranteed to him. It is true it is his right to produce evidence, but it is equally true that he cannot be compelled to do so, either directly or indirectly.

If a part of the state's case may be conclusively established in this way, so may the whole of it. If the inference from possession to illegality is to be drawn as matter of law because there is no

other evidence, so might the legislature provide that possession shall be conclusively shown by the testimony of one witness, if there be no other evidence. In such a situation the jury would be told that the testimony required that they return a verdict of guilty. If in the present case the opportunity to take away the application of the statute by producing evidence satisfies the defendant's constitutional demands, so it would in the supposed case.

It is his constitutional right not to produce evidence. Were it not for the array of cases denying the substance of this privilege, it would seem incredible that any one could suppose that it could be invaded by any legislation based upon a power to penalize the exercise of the right. Giving to him the right to produce evidence or not, is no substitute for his right not to produce it. The former is a privilege now generally· conferred. But the latter is a fundamental right which neither legislatures nor courts are at liberty to impair. Conferring the privilege to produce cannot limit or in any way affect the constitutional right not to produce.

It may be that under certain circumstances an inference of fact can be permitted to be drawn from the defendant's failure to produce evidence, excluding any inference as to his own testimony. *Commonwealth* v. *Webster*, 5 Cush. 295 (*Shaw*, C. J.); *State* v. *Grebe*, 17 Kan. 458 (*Brewer*, J.). That no inference can be drawn from his own failure to testify has been generally recognized to be the law. 4 Wig. Ev., 2d *ed.* s. 2272. The denial of the latter rule in a few states (*State* v. *Bartlett*, 55 Me. 200; *State* v. *Cleaves*, 59 Me. 298; *Parker* v. *State*, 61 N. J. Law 308) is based upon the logical inference to be drawn from such conduct. In none of the cases is any reasoning advanced showing that the conclusion reached does not compel the defendant to "furnish evidence against himself." Stated bluntly, those decisions come to this: His exercise of his constitutional right not to testify is evidence of guilt.

It is not necessary to consider whether such a limitation upon the constitutional provision can be upheld in this state. Nor is it necessary to decide whether the authorities above referred to, holding that an inference may be drawn from the defendant's failure to produce other evidence, could be followed here. If it be conceded for the sake of the argument that such a distinction could be made, or even if it were conceded that an inference could be drawn from his own failure to testify, it would not affect the result in this case.

If such an inference were permitted, it could only be one of fact. It would still be for the jury to say whether they would or would

not draw it. As before stated, any attempt to direct how much or how little weight should be given to such an evidentiary situation would be a clear invasion of the powers committed to the department of government having exclusive jurisdiction over such matters. Neither the power nor the duties of courts can be lessened in this way.

Construed as the state claims it should be, the provision that possession shall be *prima facie* evidence of illegality cannot be sustained as a valid exercise of legislative power.

But it is suggested that such a result may be arrived at by construing the section, taken as a whole, to mean that unexplained possession is an offense. It may be doubted whether such a statute would stand any better than one which attempted by more direct means to compel the defendant to produce evidence or else stand convicted without evidence. But that question does not arise here, for it is apparent that if the legislature had understood that they made unexplained possession an offense, they would not have considered it necessary to provide a statutory explanation of possession in aid of a conviction. If possession alone or unexplained were the offense, there would be no occasion for an added presumption or inference that unexplained possession was illegal. It is entirely clear that the legislative purpose expressed by the last clause of the section was to provide a rule of procedure or of evidence. It was not then defining the crime.

It is also argued that the cases holding that where one claims exemption from a statutory penalty by reason of an exception in the statute, it is not incumbent upon the state to prove in the first instance that the defendant is not within the exception (*State* v. *Perkins*, 53 N. H. 435, and cases cited; *State* v. *Keggon*, 55 N. H. 19) demonstrate that the construction contended for by the state would not violate the defendant's rights. *Commonwealth* v. *Thurlow*, 24 Pick. 374; *Commonwealth* v. *Kelly*, 10 Cush. 69; *State* v. *Rosasco*, 103 Ore. 343; *People* v. *Williams*, 61 Col. 11. So far as criminal procedure is concerned, those decisions have here been confined strictly to cases that were exceptions to a general rule. More than once the court have been unanimous in the opinion that the cases were wrong in principle, and have sustained them only upon the grounds of authority and convenience. *Lisbon* v. *Lyman*, 49 N. H. 553, 577; *State* v. *Perkins, supra; State* v. *Keggon, supra.* The convenience and reasonableness of the rule, and the justice of the principle upon which it is based, are sufficient grounds for its retention

in civil procedure under proper limitations. *Spilene* v. *Company,* 79 N. H. 326. They are wholly insufficient to warrant the use of the rule to impair the constitutional rights of a person charged with crime.

Is the statute constitutional if it means merely that possession shall be evidence for the jury to consider upon the issue of illegality? There is no vested right in any rule of evidence. *Rich* v. *Flanders,* 39 N. H. 304; 1 Wig. Ev., *s.* 7. Whether the legislature may declare that fact A shall be evidence of fact B, when there is no logical connection between the two, may well be doubted. See *Opinion of the Justices,* 208 Mass. 619. But where there is such connection, even though it be slight, there seems to be no satisfactory ground upon which to claim that the statute exceeds the general legislative power to declare what shall be evidence. In the present state of our statute law, it is not a forced or entirely illogical inference to conclude that possession of intoxicating liquor is illegal. *People* v. *Cannon,* 139 N. Y. 32.

As the statute could not be sustained if given the broad meaning contended for by the state, it is to be presumed that it was the legislative intent to use the language of the act in the restricted and constitutional sense. *Prima facie* evidence, as here used, means evidence to be considered by the jury. It follows from this conclusion that the exception to the refusal to direct a verdict for the defendant because the statute is unconstitutional must be overruled, and that the exception to the instructions given to the jury must be sustained.

*New trial.*

All concurred.