LOUISE TREPANIER *v.* MERCANTILE INS. CO. OF AMERICA.

SAME *v.* ROCHESTER AMERICAN INSURANCE CO.

*Tilton & Tilton* (by brief), for the plaintiff.

*Thorp & Branch* (*Mr. Branch* orally), for the defendants.

ALLEN, C. J.   The policies are construed to exclude vacancy as an increase of risk within the application of the clause relative to an increase.   The clause relating to vacancy is specific in respect to the period required for it to be effective as an avoidance of the policy. If the period has run, the insurance is suspended.   No inquiry whether the risk has been thereby increased needs to be made.   If the period has not run, the only reasonable view is that the insurance is not affected.   In other words, the policy treats vacancy independently of risk.   If the vacancy does not exceed the period, the policy continues in force.

It follows that there was properly no defence to the Mercantile policy, in force less than the permitted vacancy period at the time of the fire, except on the issue of procuring the fire to be set.

As to the Rochester policy, the court instructed the jury that a difference between unoccupancy as meaning no use by actual presence and vacancy as meaning no use for any purpose was to be recognized, and that unoccupancy must either amount to vacancy or result in a material increase of risk to be ground for avoidance.   The

language of the policy expresses no such narrowing of unoccupancy. "Removal" of the occupant, to "remain" for over thirty days, is its stated definition of vacancy. Whether the risk is increased, the property abandoned with no purpose to return to it, or its contents left in it upon removal, are all irrelevant matters. If it is closed so as to be unoccupied, the property is vacant within the terms of the policy. Whether the plaintiff had been living at the premises for any part of the time during the thirty days immediately preceding the fire, is the issue. Making the premises her residence or place of abode by occasionally thus using them would be sufficient to interrupt and negative vacancy, although she was elsewhere most of the time.

The distinction in *Stone* v. *Insurance Co.*, 69 N. H. 438, between vacancy through removal and unoccupancy through absence, is not considered one which the policy makes. Unoccupancy and vacancy are the same. Vacancy is a subject of treatment by the insurer for the only reason that it is deemed to affect the risk. Whether it is caused by removal or absence cannot be material. An extended absence increases the risk as much as a removal. It is not thought that an insured, on examining his policy, would understand that it made any difference how the property might happen to become unoccupied or why it might continue so. Removal as the word is used in the policy includes any departure.

Although the plaintiff is a mortgagee and not the owner, the union mortgage clause barred her from recovery for any "act or default" of her own which avoided the policy. As the owner's tenant, she occupied under his right. If she ceased to occupy while remaining his tenant, the unoccupancy was as much her act as his. It was chargeable to her as an active party in the use and control of the property in her possession. So far as the policy constituted separate contracts of the insurer with her and with the owner, the contract with her provided for the avoidance or suspension of her insurance if she did not meet the conditions. The policy's terms were applicable to her so far as she herself was in a position to comply with them. While she was in possession, she controlled occupancy, and her own unoccupancy, while a tenant, continued for more than thirty days would be conduct suspending her own insurance.

The Rochester company was not entitled to a directed verdict on the issue of vacancy. During the period of two months or more preceding the fire, while the plaintiff spent "practically" all of her time visiting relatives and while her intention to return to the prem-

ises and live there was "not probably steady," yet she testified to going to them week-ends with her husband and living there. She acquired no new home. Although during the period she was engaged in taking away the contents of the house on different occasions, some remained. It does not appear that the house had become stripped of the necessary accessories of occupancy. Taking all the evidence into account, it would not be unreasonable to find intermittent instances of occupancy within thirty days of the fire sufficient to interrupt vacancy.

The jury were instructed that the burden of proof to maintain their defences was on the defendants. This was error. It was for the plaintiff to make out liability under the terms of the policies. It was part of her case to prove that the defences were not available. She was required to show facts making the exclusions and exceptions of the policies inapplicable. She was uninsured for a fire set by her own procuring and if there was a vacancy according to the terms of the policies. In justice, expediency, and reasonableness, as an orderly rule of procedure, it was to be assumed that the facts did not bring the case within any of the exclusions or exceptions until some evidence was introduced tending to show facts which did bring the case within some one or more of them. Such evidence being introduced, the assumption disappeared. The balance of probabilities against the acceptance of the evidence as proof was to be found in her favor to entitle her to a verdict. Her right of recovery depended upon proof that her loss was insured. It was not insured if facts existed avoiding the insurance according to its terms. She was therefore required to satisfy the trier that there were no such facts.

The instruction improperly substituted for the rule placing upon a plaintiff the general risk of non-persuasion that of *prima facie* proof. "It may be that for convenience the duty of producing evidence should be put upon the defendant; but when all the evidence has been produced, it must contain something tending to prove the plaintiff's case." *Caswell* v. *Garage*, 84 N. H. 241, 255. The plaintiff's case here required proof of the absence of conditions of avoidance. *Spilene* v. *Company*, 79 N. H. 326, 328, 329; *State* v. *Lapointe*, 81 N. H. 227, 234; *Gaffney* v. *Coffey*, 81 N. H. 300, 306, 307; *Caswell* v. *Garage, supra*, 254, 255; *Raymond* v. *Company*, 86 N. H. 93, 96; *Monroe &c. Society* v. *Nute, ante* 13.

*New trial.*

BRANCH, J., did not sit: the others concurred.

ON REHEARING. After the foregoing opinion was filed the defendant moved for a rehearing on the issue of the application of the provisions of the policies relating to increase of risk to unoccupancy.

*Thorp & Branch,* for the motion.

*Tilton & Tilton,* opposed, furnished no brief.

ALLEN, C. J. The defendants rely mainly on the case of *Stone* v. *Insurance Co.,* 69 N. H. 438, in support of their motion. In that case the policy became inoperative if without the insurer's assent the risk was increased or the property was vacant by removal of the owner or occupant for over thirty days. As the policy was construed, there was an unoccupancy for over that length of time which did not amount to a vacancy. It was held that the unoccupancy might be found to be an increase of the risk, and thus suspend the insurance. The case has no bearing upon an unoccupancy not exceeding thirty days. It is without authority upon the situation here presented, and the opinion does not assume to pass upon such a situation. The rule that "The test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would have understood them to mean" (*Watson* v. *Insurance Co.,* 83 N. H. 200, 202), is to be the guide of construction here, without prior decision of the meaning.

The policies here considered require assent for an unoccupancy exceeding thirty days. If the implication that one for a less time does not affect the insurance is not compelled, it is deemed the most reasonable one. Most persons insured, reading their policies with average standards of intelligence, would be entitled to believe, and would believe, that an unoccupancy for less than the time stated to require assent was within the terms of the insurance. The clear, if not inescapable, inference from the statement of the time beyond which assent must be obtained is of permission to that time. Unassented-to unoccupancy exceeding thirty days makes the policies inoperative, regardless of any increase of risk. The corollary that a shorter unoccupancy is of no effect upon the insurance whether or not the risk is thereby increased, is one naturally and properly to be understood to follow. The evident purpose of the clause relating to unoccupancy was to establish a fixed test of increase of risk in respect thereto, and to relieve both insurer and insured from contention about it.

*Former result affirmed.*

BRANCH, J., did not sit: the others concurred.